12-3574-cv
United States v. Bonventre

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2012

(Argued: March 7, 2013    Decided: June 19, 2013)

Docket No. 12-3574-cv

----------------------------------------------------x

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

-- v. --

DANIEL BONVENTRE, BARBARA BONVENTRE,

Claimants-Appellants,

$304,041.01 ON DEPOSIT AT CITIBANK, ET AL.,

Defendants.

----------------------------------------------------x

B e f o r e :   WALKER, SACK, and LYNCH, Circuit Judges.

Daniel R. Bonventre appeals from the July 5, 2012 order of the District Court for the Southern District of New York (Jones, Judge) denying his motion for a Monsanto hearing in his civil action (to prevent forfeiture of monies allegedly needed to fund his defense in a companion criminal case). We clarify the threshold requirement for motions for Monsanto hearings in criminal in personam actions or Monsanto-like hearings in civil in rem actions and AFFIRM the district court's judgment.

MATTHEW L. SCHWARTZ (Justin S. Weddle, on the brief), Assistant United States Attorneys, of counsel to Preet Bharara, United States Attorney, Southern District of New York, New York, NY, for Plaintiff-Appellee.

ANDREW J. FRISCH (Jeremy B. Sporn, on the brief), The Law Offices of Andrew J. Frisch, 40 Fulton St., New York, NY, for Defendants-Appellants.

JOHN M. WALKER, JR., Circuit Judge:

In United States v. Monsanto, 924 F.2d 1186 (2d Cir. 1991) (en banc), we held that the Fifth and Sixth Amendments entitle a criminal defendant seeking to use restrained funds to hire counsel of choice to an adversarial, pre-trial hearing at which the court evaluates whether there is probable cause to believe (1) that the defendant committed the crimes that provide the basis for the forfeiture; and (2) that the contested funds are properly forfeitable.

Defendant-Appellant Daniel R. Bonventre seeks a similar hearing in a civil action to recover restrained monies to fund his counsel of choice in a parallel criminal case. This appeal raises questions of whether a defendant seeking a Monsanto or Monsanto-like hearing must first make a threshold showing that such a hearing is warranted, and if so, what the standard for such a showing should be. We hold that a defendant seeking a Monsanto or Monsanto-like hearing must demonstrate, beyond the bare recitation

2

of the claim, that he or she has insufficient alternative assets to fund counsel of choice.

Ordinarily, "[t]he district court's denial of an evidentiary hearing is subject to an abuse of discretion standard of review." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000). Bonventre's appeal, however, raises a question of law concerning the threshold requirement for motions for Monsanto and Monsanto-like hearings, so we review the district court's judgment de novo. Because the district court gave Bonventre ample opportunity to demonstrate that he had insufficient unrestrained assets to fund his defense with counsel of choice in his parallel criminal case—which he failed to do—we affirm its denial of his motion.

**BACKGROUND**

Bonventre appeals from a July 5, 2012 order of the District Court for the Southern District of New York (Jones, Judge) denying his motion for a Monsanto hearing. United States v. All Funds on Deposit in Account Nos. 94660869, 9948199297, 80007487, 9115606297, 9116151903, and 9931127481, et al., No. 10 Cv. 4858 (BSJ) (JCF), 2012 WL 2900487 (S.D.N.Y. Jul. 5, 2012). Although this is an appeal from a civil action, Bonventre's parallel criminal case undergirds his arguments. We therefore describe the relevant facts and history of both actions.

**The Criminal Action**

In the S2 Indictment in <u>United States v. Bonventre</u>, 10 Cr. 228 (LTS), returned on November 17, 2010,[1] Bonventre was charged with various securities and tax crimes related to the massive Madoff fraud. The S2 Indictment contained broad forfeiture allegations and specifically identified as forfeitable real and personal property in which Bonventre had ownership interests. It did not, however, specifically identify the brokerage accounts or transferred monies subject to forfeiture.

In January 2011, Bonventre moved to dismiss the Indictment, arguing that the government's forfeiture efforts (1) violated his Fifth and Sixth Amendment rights because all forfeitable property must be specifically identified in the indictment, information, and/or restraining order; (2) were retaliatory; and (3) were untimely because forfeitable property must be restrained upon the filing of the indictment. The district court denied the motion on the grounds that the government's actions were proper and that Bonventre had no right to fund his defense with stolen money. Bonventre took an interlocutory appeal, which we dismissed for lack of jurisdiction on July 28, 2011. Bonventre's criminal trial is scheduled for October 2013.

---

[1] The S2 Indictment is no longer the current indictment in Bonventre's criminal case. However, it was the operative charging instrument at the time of the district court's decision.

**The Civil Action**

On January 21, 2011, pursuant to the civil forfeiture statute, the government executed ex parte seizure warrants for Bonventre's assets allegedly traceable to the Madoff fraud. On February 2, the government filed a Second Amended Complaint seeking civil forfeiture of assets owned by Bonventre, his wife, and his son.[2]

On February 16, Bonventre moved to dismiss the Second Amended Complaint, arguing that the government's civil forfeiture efforts (1) violated his Fifth and Sixth Amendment rights; and (2) were untimely. The district court denied the motion on September 14 on the basis that the constitutional claims were collaterally estopped by the district court's opinion in the criminal case and that the timeliness arguments were meritless. Bonventre took an interlocutory appeal, which we dismissed for lack of jurisdiction on March 6, 2012.

On September 22, 2011, Bonventre moved for a Monsanto hearing. In support of this motion, he filed two affidavits, both of which stated that he would be unable to fund counsel of choice for his criminal defense if denied access to the restrained funds.

On July 5, 2012, the district court denied Bonventre's Monsanto motion. Relying on other circuits' caselaw, it imposed a two-part threshold showing and found that Bonventre failed to meet

---

[2] Earlier versions of the Complaint sought forfeiture of a codefendant's assets.

either requirement. On August 31, 2012, Bonventre filed a notice of appeal.[3]

**DISCUSSION**

On appeal, Bonventre argues that he is entitled to a Monsanto hearing in his civil case and that he should not be required to first make a threshold showing that the government has improperly restrained assets required to fund his defense.[4]

We reiterate that, "[w]hatever the full extent of the Sixth Amendment's protection of one's right to retain counsel of his choosing, that protection does not go beyond the individual's right to spend his own money to obtain . . . counsel." Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 626 (1989) (quotation marks omitted) (emphasis added). Accordingly, "neither the Fifth nor the Sixth Amendment to the Constitution requires Congress to permit a defendant to use assets adjudged to be forfeitable to pay that defendant's legal fees." United States v. Monsanto, 491 U.S.

---

[3] As civil defendants, Bonventre's wife and son did not and could not join his original Monsanto motion. As parties with ownership interests in the contested properties, however, they have joined this appeal. Because we affirm the district court's judgment, we need not determine whether they are proper parties on appeal.

[4] Bonventre also reprises arguments from his earlier appeals that the government's forfeiture efforts were unconstitutional and untimely. However, these constitutional and statutory issues are not independently appealable, nor are they "inextricably intertwined" with the central issue now on appeal, which is whether the district court's imposition of a threshold showing for Bonventre's Monsanto motion was permissible. Biediger v. Quinnipiac Univ., 691 F.3d 85, 96 (2d Cir. 2012). Accordingly, we need not address these extraneous arguments here. Id.

600, 614 (1989). "[N]o constitutional violation occurs when, after probable cause [that assets are forfeitable] is adequately established, the Government obtains an order barring a defendant from . . . dissipating his assets prior to trial." Id. at 616.

In Monsanto, we concluded that the Fifth and Sixth Amendments entitle a presumably innocent criminal defendant to an adversarial, pre-trial hearing to address two questions: (1) whether there is probable cause to believe that the defendant committed the crimes providing a basis for forfeiture; and (2) whether there is probable cause to believe that the properties are properly forfeitable. 924 F.2d at 1203. District courts in this circuit have found that a defendant may also have the right to a Monsanto-like hearing in the civil context when, as here, the civil forfeiture action may affect the defendant's right to counsel in a parallel criminal case. See CFTC v. Walsh, Nos. 09 CV 1749 (GBD), 09 CV 1750 (GBD), 09 CR 722 (MGC), 2010 WL 882875, at *2-3 (S.D.N.Y. Mar. 9, 2010); SEC v. Coates, No. 94 Civ. 5361 (KMW), 1994 WL 455558, at *3 (S.D.N.Y. Aug. 23, 1994). However, neither the Supreme Court nor this Court has resolved the question of what, if any, threshold showing a defendant must make before a motion for a Monsanto or Monsanto-like hearing is granted, as our sister circuits have required in United States v. Jones, 160 F.3d 641, 647 (10th Cir. 1998), and United States v. Farmer, 274 F.3d 800, 804-05 (4th Cir. 2001). See also United States v. Yusuf, 199 F. App'x 127, 132 and n.4 (3d Cir.

7

2006) (approving the Jones framework); United States v. Jamieson, 427 F.3d 394, 406 n.3 (6th Cir. 2005) (describing the spectrum of approaches taken by different circuits).

In Jones, 160 F.3d 641, the government moved ex parte under the criminal forfeiture statute to freeze some of the defendants' assets pending trial. Challenging this restraint, the defendants moved for a pre-trial hearing. The Tenth Circuit determined that "due process requires a district court to conduct a post-restraint, pre-trial adversarial hearing before continuing to freeze assets that a defendant allegedly needs for legal and living expenses . . . if certain conditions are present." Id. at 643. First, "a defendant must demonstrate to the court's satisfaction that she has no assets, other than those restrained, with which to retain private counsel and provide for herself and her family." Id. at 647. Second, "[a] defendant must also make a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the . . . offense."[5] Id. (quotation marks and alterations omitted).

In Farmer, 274 F.3d 800, the defendant's money was seized by warrant pursuant to civil forfeiture statutes, although no civil

---

[5] Unlike this Court, see Monsanto, 924 F.2d at 1196-97, the Tenth Circuit does not require "that the government reestablish probable cause to believe that defendants are guilty of the underlying . . . offense," Jones, 160 F.3d at 648.

forfeiture action was ever commenced. After a subsequent indictment, the defendant filed a motion for an immediate hearing to determine if some of the seized monies should be released. On appeal from the denial of this motion, the Fourth Circuit found that "due process require[d] a hearing for [the defendant] to challenge probable cause," id. at 805, given that (1) there was a threshold showing of the defendant's need for the restrained assets to pay his attorneys, id. at 804; and (2) his attorney filed an affidavit stating that the government's agents had conceded the legitimate character of some of the seized assets, id. at 805.

While we agree with our sister circuits that a defendant seeking a Monsanto or Monsanto-like hearing must first make a threshold showing, we disagree as to the requirement. The importance of the right at issue—to fund one's criminal defense with counsel of choice—counsels in favor of a minimal barrier to contest the restraint of needed monies. Accordingly, we hold that all a defendant need do to trigger a Monsanto or Monsanto-like hearing is to demonstrate, beyond the bare recitation of the claim, that he or she does not have sufficient alternative assets to fund counsel of choice. This requires more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice. We do not believe that the defendant must make a formal prima facie showing that the funds were illegitimately restrained,

9

see Jones, 160 F.3d at 647, beyond providing a basis for bringing a motion for a Monsanto or Monsanto-like hearing in the moving papers. At the subsequent hearing, the government will bear the relatively modest burden of demonstrating probable cause to believe the assets are properly forfeitable.

The requirement of a financial showing is grounded in the reasoning of our decision in Monsanto, 924 F.2d 1186, which we reaffirm today. As we held there, a hearing at which the government's rationale for forfeiture is tested is required because such an erroneous restraint on a criminal defendant's assets can limit, or even eliminate, the defendant's constitutional right to use his or her own funds to retain counsel of choice. That right, however, is not implicated unless the restraint actually affects the defendant's right to choose counsel and present a defense. Thus, if a defendant has sufficient unrestrained assets with which to fund his or her defense, the concerns that animated our holding in Monsanto are not present.

Bonventre argues that any threshold requirement unconstitutionally shifts the burden of proof to the defendant and thereby increases the likelihood of a wrongful criminal conviction because he will be unable to hire his counsel of choice. If the basis for a defendant's motion is not frivolous, this low threshold requirement will not operate to bar him from using restrained assets to fund his defense. See Farmer, 274 F.3d at 805 (observing

10

that "threshold showings 'protect the government and its resources from frivolous challenges' to forfeitures" (quoting Jones, 160 F.3d at 647)).

The government's burden at the subsequent hearing remains the same: it must demonstrate probable cause to believe that the funds are forfeitable under the appropriate statute. Because of differences between civil and criminal forfeiture laws, the focus of the probable cause inquiry will vary. A civil forfeiture action is an action in rem, and therefore is based solely on the origin of the property, "not . . . upon the culpability of the owner." United States v. $743,578.82 in U.S. Currency, 286 F.3d 641, 657 (3d Cir. 2002). In contrast, criminal forfeiture actions are in personam sanctions and thus depend on the defendant's guilt. See Monsanto, 924 F.2d at 1197.

Although the threshold requirement for the defendant requesting a hearing and the government's burden at the subsequent hearing are identical in the criminal or civil context, the probable cause inquiry changes. At a Monsanto hearing in a criminal case, the government must demonstrate that probable cause exists to believe both that the criminal defendant committed the charged offenses and that the restrained assets are properly forfeitable. Monsanto, 924 F.2d at 1203. Meanwhile, in a Monsanto-like hearing in a civil in rem action, the government must demonstrate only that

11

probable cause exists to believe that the restrained assets are properly forfeitable under the civil forfeiture statute.

Because the probable cause requirement is different in a civil action, Bonventre claims that the government's civil suit is merely a strategic end-run around Monsanto's heightened protections for a presumably innocent criminal defendant. However, "there is a strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable." Caplin & Drysdale, 491 U.S. at 631 (emphasis added). Therefore, Bonventre's assessment—that the government's "use of a civil *in rem* action . . . . [would change] the *Monsanto* inquiry . . . to whether the subject assets were traceable to those crimes, whether or not there was probable cause he participated [in those crimes]," Bonventre Br. 28—is accurate. The different criteria in civil and criminal forfeiture actions, however, do not raise constitutional concerns, provided that the government demonstrates that there is probable cause that the assets are properly forfeitable.[6]

---

[6] We need not address and therefore express no opinion on the question of whether, in a Monsanto-like hearing in a civil in rem action, the government's burden might entail some showing of culpability on the part of the defendant in order to negate any innocent owner defense the defendant may advance. See 18 U.S.C. § 983(d); cf. United States v. Michelle's Lounge, 39 F.3d 684, 700 (7th Cir. 1994) ("At a hearing, the defendant could rebut the government's showing of probable cause—for example, by proof of innocent ownership . . . .").

We now turn to the question of whether Bonventre has met the threshold requirement. As evidence of his inability to hire his counsel of choice without the restrained funds, Bonventre filed two supporting affidavits. The first, a two-page declaration, noted that he was unemployed and that his assets consisted of (1) a monthly social security check for $1,835; (2) pre-inheritance gifts from his mother totaling $225,000; (3) pre-inheritance gifts from his father of two bonds bought in 1992 for $30,000; (4) a house owned jointly with his stepson; and (5) household items, including a piano and a painting. The second, a barely three-page declaration, reported that (1) his monthly social security check had been reduced to $1,710; (2) he continued to own the bonds, piano, and painting; and (3) the jointly owned house had been sold, netting him $100,000 in proceeds, which he had since spent. Bonventre stated that his monthly expenses (mortgage, taxes, utilities, and maintenance fees) for two pieces of forfeitable real property identified in the Indictment and Second Amended Complaint totaled approximately $14,700 per month and that his expenses for those properties totaled approximately $175,000 in the preceding year. He also noted that his remaining expenses totaled approximately $22,000 annually and that the aggregate balance of other accounts which the government had stated were not the subject of seizure warrants (but not necessarily the aggregate value of all of his unrestrained accounts) was $121,000. Bonventre's attorney

13

estimated that the cost of the criminal defense would likely reach $2.5 to $3 million, and the government acknowledged that the amount in the restrained accounts was $3.9 million.

The district court found that Bonventre failed to satisfy the first threshold requirement because he provided insufficient information for a court to evaluate the extent of his unrestrained funds. We agree. Bonventre did not disclose his net worth, provide a comprehensive list of his assets, or explain how he has been paying his significant living expenses. While the affidavits describe the aggregate balances of bank accounts enumerated in the government's submissions, they do not clarify whether Bonventre has access to other accounts and, if so, their value. Accordingly, the district court's determination was appropriate.[7]

## CONCLUSION

The district court's denial of Bonventre's motion for a Monsanto hearing is AFFIRMED.

---

[7] The district court alternatively refused to hold a hearing on the ground that Bonventre failed to make a prima facie showing that the restrained assets were not forfeitable. As we have held above, a defendant need not make such a formal showing to trigger a Monsanto-like hearing.

14