Corsair Special Situations Fund, L.P. v. National Resources

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

———————————————————————

CORSAIR SPECIAL SITUATIONS FUND, L.P.,

> *Plaintiff-Appellee*,

> v.                                                        13-4215

NATIONAL RESOURCES, NATIONAL
RE/SOURCES INVESTMENTS, LLC, I.PARK,
LLC, AKA iPark, IPARK EDGEWATER, LLC,
ONE MAIN STREET EDGEWATER, LLC,
HUDSON VIEW ASSOCIATES, LLC,
WESTCHESTER INDUSTRIES, INC.,

> *Third Parties-Appellants*,

ENGINEERED FRAMING SYSTEMS, INC.,
JOHN J. HILDRETH, MARIE N. HILDRETH,
EFS STRUCTURES, INC.,

> *Defendants.*

———————————————————————

**FOR PLAINTIFF-APPELLEE:**          MATTHEW SCOTT STURTZ (Gregory J. Spaun, Welby, Brady, & Greenblatt, LLP, *on the brief*), Miles & Stockbridge, P.C., Baltimore, Maryland.


**FOR THIRD PARTIES-APPELLANTS:**  JOHN F. CARBERRY (William. N. Wright, *on the brief*), Cummings & Lockwood LLC, Stamford, Connecticut.


Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

After plaintiff-appellee Corsair Special Situations Fund, L.P. ("Corsair") served a writ of execution on third party-appellant National Resources for certain funds allegedly owed by National Resources to defendant EFS Structures, National Resources continued to pay the funds directly to or on behalf of EFS. Corsair then moved for a turnover order directing National Resources to pay Corsair approximately two million dollars, the amount allegedly paid by National Resources in violation of the writ, which the district court granted on September 26, 2013. National Resources now appeals that order, as well as the district court's denials of its Motion for Reconsideration and request for an evidentiary hearing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

National Resources asserts several errors in the rulings below. First, it reasserts its claims that it failed to receive proper service of Corsair's writ of execution and that the "EFS Structures" to which National Resources owed its debt was not the same company as Corsair's judgment-debtor. Second, National Resources argues that the district court misread

2

Connecticut's post-judgment garnishment statute, Conn. Gen. Stat. § 52-536a(a)(4)(B), so as to calculate a grossly excessive turnover amount, and that the district court improperly relied on unauthenticated evidence submitted by Corsair – arguments raised for the first time in the district court in National Resources's belated Supplemental Memorandum and in its Motion for Reconsideration, respectively.

These latter claims were not timely made below, and are therefore not preserved for appellate review. As a general rule, we do not consider an argument "not properly raised in the district court," Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc., 265 F.3d 97, 115-16 (2d Cir. 2001), including one "raised for the first time below in a motion for reconsideration," Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 159 (2d Cir. 2003). National Resources argues that it raised at least some of its claims in its Supplemental Memorandum and not, technically, in a motion to reconsider, but that does not render its challenge timely. Despite having some notice of National Resources's statutory objection, the district court never had occasion to probe National Resources's challenge at the hearing, nor did Corsair have an opportunity to respond.

Because these waiver rules are prudential rather than jurisdictional, we may at our discretion choose to reach an unpreserved argument where (1) "consideration of the issue is necessary to avoid manifest injustice" or (2) "the issue is purely legal and there is no need for additional fact-finding." Baker, 239 F.3d at 420 (internal quotation marks omitted). "[C]ircumstances normally do not militate in favor of an exercise of discretion," however, where the novel arguments "were available to the parties below and they proffer no reason for their failure to raise [them]." In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 133 (2d Cir. 2008) (internal quotation marks omitted).

3

Although National Resources knew the amount sought by Corsair as soon as Corsair filed its turnover request on January 17, 2013, it did not challenge that amount either in its opposition to the motion, including in its footnote request for an evidentiary hearing on other issues, or at the August 20, 2013 hearing held by the district court.  Instead, having already submitted extensive briefing on Corsair's turnover motion, National Resources first raised its statutory objections to the requested amount in a Supplemental Memorandum submitted to the district court on September 13, 2013, nearly a month after the hearing, and first challenged the admissibility of Corsair's evidence in its Motion for Reconsideration of the district court's grant of the turnover order.  National Resources raised these issues belatedly even though it possessed all the evidence necessary to respond to Corsair's calculations, which consisted exclusively of its own business records, from the beginning of the litigation.  Because National Resources provides no legitimate reason for failing to timely raise its objections to the turnover amount below, we decline to consider them on appeal.

For much the same reasons, the district court did not err in denying National Resources's Motion for Reconsideration.  We review a district court's denial of a motion for reconsideration under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure for abuse of discretion. Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004); Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 249 (2d Cir. 1997).

Under Rule 59(e), a district court may "alter or amend judgment to correct a clear error of law or prevent manifest injustice."  ING Global v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 96 (2d Cir. 2014) (internal quotation marks omitted).  The "manifest injustice" standard is, by definition, "deferential to district courts and provide[s] relief only in the

proverbial 'rare case.'" United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). As we have observed, a judgment in a civil case does not constitute "manifest injustice" where the movant's arguments for relief "were available to the [party] below and [the party] proffer[s] no reason for [its] failure to raise the arguments." In re Johns-Manville Corp., 759 F.3d 206, 219 (2d Cir. 2014) (internal quotation marks omitted). As already noted, National Resources failed to challenge either the admissibility or the factual or legal accuracy of Corsair's submission documenting the amount subject to turnover in any timely fashion before the district court. Where a party with all the necessary time and resources fails to raise an obvious challenge to a writ of garnishment, we do not find the imposition of a higher monetary judgment than the party deems appropriate to constitute a "manifest injustice."

Under Rule 60(b), a district court may "relieve a party or its legal representative from a final judgment, order, or proceeding" on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining whether a party's neglect is "excusable" in any given instance, a court should take into account "all relevant circumstances surrounding the party's omission," including "[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (internal quotation marks omitted). Despite the inherent "flexibility" of this inquiry, we have stressed that the core focus remains "on the third factor: the reason for the delay." Id. (internal quotation marks omitted).

5

National Resources claims that it failed to challenge Corsair's turnover amount at the August 2013 hearing because it reasonably mistook that proceeding for an "oral argument" focusing purely on "jurisdictional" issues. Yet the district court's scheduling notice clearly stated: "Pursuant to Section 52-356b of the Connecticut General Statutes, the court intends to hold a hearing on plaintiff's Motion for Turnover" on a specified date. Since Conn. Gen. Stat. § 52-356b is the source of National Resources's entitlement to a hearing to contest the turnover, nothing in the notice suggests that the hearing was limited to jurisdictional issues, or that National Resources would be entitled to a second, more "substantive" hearing later. Moreover, National Resources's own request for an "evidentiary hearing" in its opposition to the turnover motion raised only three issues for the court's determination, none of which disputed Corsair's calculation of the turnover amount. In any event, whether National Resources understood the August 2013 hearing to be an oral argument or an evidentiary hearing has no bearing on its failure to object to Corsair's proposed turnover amount on factual, legal, or evidentiary grounds in its opposition to Corsair's initial motion. The district court thus did not abuse its discretion in finding that National Resources's misreading of its scheduling order did not qualify as "excusable neglect" under Rule 60(b).

Nor did the district court abuse its discretion in denying National Resources's request for an additional evidentiary hearing to determine the correct turnover amount. See United States v. Bonventre, 720 F.3d 126, 128 (2d Cir. 2013) (noting general abuse of discretion standard for denial of request for evidentiary hearing). National Resources's request is governed by the Fourteenth Amendment right to due process, which demands that any "deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature

6

of the case." Chase Grp. Alliance LLC v. N.Y.C. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks omitted). In this case, the district court scheduled a hearing on Corsair's turnover motion on August 20, 2013. National Resources had the opportunity to raise any objections to the turnover at or in anticipation of this proceeding. Having failed to avail itself of that opportunity to oppose Corsair's turnover amount, National Resources cannot show that the court abused its discretion by declining to schedule an additional hearing.

As to National Resources's preserved challenges to the district court's turnover order, neither has merit. First, National Resources claims that it never received proper service of the writ of execution underlying Corsair's turnover request. Because Conn. Gen. Stat. § 52-59b provides for service on foreign corporations through the Secretary of State, National Resources insists that Corsair's decision to effect personal service on one of National Resources's managing officers was procedurally deficient. Under § 52-59b(c), a foreign corporation in Connecticut is "deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the . . . foreign partnership . . . may be served upon the Secretary of the State and shall have the same validity as if served . . . personally." Conn. Gen. Stat. § 52-59b(c). As its permissive language implies, however, "[§] 52-59b(c) provides only one of many methods of giving notice and is not exclusive." Anderson v. Schibi, 364 A.2d 853, 856 (Conn. Super. Ct. App. Sess. 1976); accord Dime Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. X05CV094017091S, 2010 WL 760441, at *16 (Conn. Super. Ct. Jan. 15, 2010); Ruocco v. Metro. Boston Hockey League, No. CV074024835S, 2007 WL 4635000, at *12 (Conn. Super. Ct. Dec. 7, 2007).

Another method of serving foreign LLCs in Connecticut is found at Conn. Gen. Stat.

7

§ 34-105(d), which provides that

> any process, notice or demand in connection with any action or proceeding . . . to be served upon a limited liability company which is subject to the provisions of section 34-104 may be served upon any member of the limited liability company in whom management of the limited liability company is vested or any manager of the limited liability company by any proper officer.

Conn. Gen. Stat.§ 34-105(d); see also Conn. Gen. Stat. § 34-101(10) (defining a foreign LLC as "an entity that is . . . not required to be registered or organized under any statute of this state other than sections 34-100 to 34-242, inclusive").  Because Corsair's personal service of its writ on one of National Resources's managing members comported with Conn. Gen. Stat.§ 34-105(d), it satisfies Connecticut's requirements for effecting service on a foreign corporation.

Finally, National Resources insists that the "EFS Structures" to which National Resources owed its debt was not the same entity as Corsair's judgment-debtor, noting that this latter "EFS Structures" had its corporate status revoked shortly after judgment and that a new "EFS Structures" incorporated shortly after contracting with National Resources.  As National Resources concedes, the district court's determination regarding EFS's identity is a factual finding reviewable only for clear error.  See Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd., 190 F.3d 64, 67 (2d Cir. 1999).  In reaching that determination, the district court emphasized that the "new" EFS Structures used the same name, business address, and federal tax identification number as the judgment-debtor entity.  Furthermore, it reasonably construed the fact that the "new" EFS was incorporated only *after* National Resources signed its contract as further evidence that the contracting entity to whom National Resources pledged its debt must have been the original EFS.  In light of these considerations, the sole countervailing fact of

8

EFS's reincorporation does not make the district court's determination clearly erroneous.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk