ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
On July 6, 2017, Plaintiff Lakisha Janey Sinkler ("Plaintiff") filed a motion for attorneys' fees in the amount of $16,851.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 19). The Commissioner of Social Security ("the Commissioner") did not object to the request, but the Commissioner did raise the issue of whether the motion had been timely filed. (Dkt. 21 at 3-4). On April 11, 2018, the Court issued a Decision and Order denying the motion for attorneys' fees as untimely. (Dkt. 23). In issuing its decision, the Court recognized that there was a split of authority as to the appropriate standard governing the timeliness of a § 406(b) motion. (Id. at 5-7). Although several district courts in this Circuit have touched upon this issue to varying extents, the Second Circuit has yet to weigh in on the debate. Ultimately, the Court agreed with those courts that have determined that a § 406(b) motion was constrained by the 14-day time limitation set forth in Rule 54(d) of the Federal Rules of Civil Procedure. (Id. at 7-10). The Court held that a § 406(b) motion is timely if it is filed within 14 days after entry of the judgment against the Commissioner. See Fed. R. Civ. P. 54(d) ("Unless a statute or a court order provides otherwise, the motion must ... be filed no later than 14 days after the entry of judgment."). In order to avoid an unjust result, the Court adopted the approach taken by the Third Circuit in Walker v. Astrue , 593 F.3d 274 (3d Cir. 2010), and held that this time limit would be equitably tolled until the Commissioner's notice of award was issued and the plaintiff's counsel was notified of that award. (See Dkt. 23 at 9-10, 13). In so holding, the Court rejected the Tenth Circuit's approach in McGraw v. Bamhart , 450 F.3d 493 (10th Cir. 2006) -and the approach now advocated by Plaintiff-which would permit a § 406(b) motion to be timely filed within an unspecified reasonable period of time. (Dkt. 23 at 7-19); see Fed. R. Civ. P. 60(b)(6), (c)(1) (providing that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any "reason that justifies relief" upon a motion filed "within a reasonable time"). Due to the absence of Second Circuit precedent on this issue, the Court also held, in the alternative, that Plaintiff's motion was not timely filed within a reasonable period under *690 the McGraw approach. (Dkt. 23 at 19-21).
Presently before the Court is Plaintiff's motion to alter this Court's judgment. (Dkt. 24). Plaintiff argues that the Court erred in determining that Plaintiff's initial motion for attorneys" fees was governed by the constructs of Rule 54(d) of the Federal Rules of Civil Procedure -as determined by the Third, Fifth, and Eleventh Circuits-and that the Court should have applied the principles articulated in McGraw in resolving the attorneys' fees motion. (Dkt. 25). For the purposes of this Decision and Order, the Court assumes the parties' familiarity with the underlying facts and the Court's prior analysis as set forth in its April 11, 2018, Decision and Order. For the following reasons. Plaintiff's motion to alter judgment (Dkt. 24) is denied.
DISCUSSION
I. Legal Standard
Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, "district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth. , 381 F.3d 99, 105 (2d Cir. 2004). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' " USA Certified Merchs., LLC v. Koebel , 273 F.Supp.2d 501, 503 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys. Inc. Secs. Litig , 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000) ). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Davids v. Novartis Pharm. Corp. , 977 F.Supp.2d 171, 185 (E.D.N.Y. 2013) (quoting Shrader v. CSX Transp., Inc. , 70 F.3d 255, 257 (2d Cir. 1995) ); see Rafter v. Liddle , 288 F. App'x 768, 769 (2d Cir. 2008) (same). " Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker , 554 U.S. 471, 486 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (quotation marks and citation omitted). "A district court's denial of a party's motion to alter or amend judgment under Rule 59(e) is ... reviewed for an abuse of discretion." Munafo , 381 F.3d at 105.
II. That Other Courts Have Declined to Reach the Issue of Timeliness Does Not Alter This Court's Conclusion
Plaintiff argues that a number of decisions issued by courts within this District and within the Second Circuit have granted motions for attorneys' fees pursuant to § 406(b) without discussing the timeliness of the motion, even though those motions had been filed beyond the 14-day time constraint of Rule 54(d). (Dkt. 25 at 3-5). Of course, the decisions of other district courts, including decisions from the same district, while "relevant and persuasive," Baldanzi v. WFC Holdings Corp. , No. 07 Civ. 9551(LTS)(GWG), 2008 WL 4924987, at *3 (S.D.N.Y. Nov. 14. 2008), "are not binding on other district courts." Arculeo v. On-Site Sales & Mktg., LLC , 321 F.Supp.2d 604, 609 (S.D.N.Y. 2004), aff'd , 425 F.3d 193 (2d Cir. 2005). Furthermore, the Commissioner's response to Plaintiff's initial motion affirmatively raised the issue of timeliness for the Court's consideration. (Dkt. 21 at 3-4).
However, even if the Commissioner had failed to raise this issue in her *691 responsive papers, § 406(b)"requires an affirmative judicial finding that the fee allowed is 'reasonable.' " Gisbrecht v. Bamhart , 535 U.S. 789, 807 n.17, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) ; see Wells v. Sullivan , 907 F.2d 367, 371 (2d Cir. 1990) ("[ Section] 406(b) requires the district court to review the reasonableness of any requested fee...."). Indeed, the Court may not grant a motion for attorneys' fees under § 406(b) merely because the Commissioner did not oppose the motion. Mix v. Comm'r of Soc. Sec. , No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). As explained in the April 11, 2018, Decision and Order, the Court agrees with those courts that have determined that this judicial responsibility extends to a review of the motion's timeliness, even absent any objection by the Commissioner. Garland v. Astrue , 492 F.Supp.2d 216, 222 (E.D.N.Y. 2007) ("It is likewise appropriate for courts to be able to exercise their judicial discretion to deny fee applications as untimely even if the Commissioner fails to object on that ground."); Bentley v. Comm'r of Soc. Sec. , 524 F.Supp.2d 921, 924 (W.D. Mich. 2007) (same); see also Hale v. Comm'r of Soc. Sec. , No. 1:09-CV-318, 2011 WL 5920914, at *3 (W.D. Mich. Oct. 25, 2011) ("It is doubtful that the Sixth Circuit would find such a silent 'waiver' to be appropriate in this context, because the claimant, the only person who has an interest in this matter, has waived nothing."), report and recommendation adopted , No. 1:09-CV-318, 2011 WL 5920769 (W.D. Mich. Nov. 28, 2011) ; Richardson v. Astrue , Civil No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the [C]ommissioner or the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed.").
Plaintiff has not provided any reason for the Court to reach a contrary conclusion, and thus, to the extent that Plaintiff relies upon decisions that do not address the timeliness of a § 406(b) motion, the Court declines to follow that approach due to its inconsistency with the Court's affirmative obligation to determine whether the motion is timely filed.
III. The Cases That Have Addressed the Timeliness of a § 406(b) Motion for Attorneys' Fees Do Not Persuade the Court that It Should Alter Its Judgment
The number of cases in this Circuit that have directly addressed the timeliness of a § 406(b) motion is relatively few in comparison to the number that have simply granted the motion without raising this concern. Even fewer still is the number of decisions that have provided substantive analysis as to the application of Rule 54(d) in this context. In its April 11, 2018, Decision and Order, the Court noted that at least one district court in this Circuit has expressly acknowledged its approval of the reasonableness inquiry under Rule 60, but it did so with little explanation. (Dkt. 23 at 6); see Rose v. Bamhart , No. 01 CIV 1645 (KMW) (RLE), 2007 WL 549419, at *3 n.1 (S.D.N.Y. Feb. 16, 2007) ("[I]t appears, at first blush, that the Tenth Circuit's treatment of the issue in McGraw is procedurally the most valid.").
Plaintiff points to a more recent district court decision that discussed the Walker and McGraw approaches and, "[w]ithout explanation," applied the McGraw approach. (Dkt. 25 at 5); see Geertgens v. Colvin , No. 13 CIV. 5133 (JCF), 2016 WL 1070845, at *2-3 (S.D.N.Y. Mar. 15, 2016). However, the Geertgens court ultimately avoided deciding which approach was preferable because neither the Commissioner nor the plaintiff argued that the motion was untimely. See Geertgens , 2016 WL 1070845, at *3 (declining to determine which approach is more appropriate, but *692 finding that the motion was filed within a reasonable period of time "where neither the Commissioner nor the plaintiff has argued that the Section 406(b) application is belated"). Indeed, in its April 11, 2018, Decision and Order, the Court noted that other courts had reached a similar conclusion based upon the Commissioner's failure to object on timeliness grounds. See, e.g., Bergen v. Comm'r of Soc. Sec. , 454 F.3d 1273, 1277-78 (11th Cir. 2006) ("Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue in this case and merely hold that the petitions were timely."); Shepherd v. Apfel , 981 F.Supp. 1188, 1190 (S.D. Iowa 1997) ("Although [the p]laintiff's counsel's application for fees pursuant to 42 U.S.C. § 406 is untimely, the court notes that the government has not raised any objection. Therefore, the Court will issue a ruling."). Such instances of inaction appeared to be in tension with the Commissioner's role as trustee for the claimant, (see Dkt. 23 at 16-18), and the Commissioner's silence cannot abrogate a court's responsibility to review the timeliness of a § 406(b) motion (see id. at 8).
Plaintiff also argues that "no [c]ourt within the Second Circuit has ever applied the 14-day limit this Court now seeks to impose." (Dkt. 25 at 5). While acknowledging that the case law on this issue is sparse, at least one other court in this Circuit has since determined that Rule 54(d) applies to § 406(b) motions for attorneys' fees. See Grace v. Berryhill , No. 1:11-CV-09162 (ALC), 2018 WL 1940420, at *1 (S.D.N.Y. Apr. 23, 2018). Indeed, the Grace court rejected the McGraw approach based upon the rationale set forth in this Court's April 11, 2018, Decision and Order. See id. at *1 n.1 (citing Sinkler v. Berryhill , 305 F.Supp.3d 448, 454-58 (W.D.N.Y. 2018) ). Moreover, the Garland court, while refraining from opining upon which federal rule governed the timeliness of a § 406(b) motion, acknowledged that equitable tolling could be employed in the application of Rule 54(d). 492 F.Supp.2d at 220 (recognizing that commencing the 14-day period "on any day other than the district court judgment may unduly strain the plain language of [ Rule 54(d),]" but stating that "it may be possible for the time to be equitably tolled while awaiting the Commissioner's decision on the administrative proceedings"). This is the approach adopted by the Walker court-and this Court-in applying Rule 54(d) to a § 406(b) motion to avert the creation of an unworkable time restriction. See Walker , 593 F.3d at 279 ("Left only with the application of Rule 54(d)(2), we must reconcile its requirements with the demands of § 406(b) so as to prevent the absurd outcome inherent in applying a deadline that cannot be met. The solution lies in the doctrine of equitable tolling."). Plaintiff has not sufficiently explained why the application of Rule 54(d) with equitable tolling is inappropriate in this context, see generally Davids , 977 F.Supp.2d at 185 (noting that it is the moving party's burden to set forth "controlling decisions or data" that would reasonably cause the court to alter its conclusion (quotation marks and citation omitted)), and thus, the Court does not find any reason to withdraw from its adoption of the Walker approach.
IV. The Court Did Not Exercise Its Statutorily Derived Rule-Making Authority Under 28 U.S.C. § 2071(a)
Plaintiff further claims that the Court has prescribed a new rule without providing notice and an opportunity for public comment as required under 28 U.S.C. § 2071. (Dkt. 25 at 6). Plaintiff's reliance upon 28 U.S.C. § 2071 is misplaced.
*693 That statute sets forth the Court's power to prescribe official rules of the Court. 28 U.S.C. § 2071(a). Section 2071 further provides that "[a]ny rule prescribed by a court, other than the Supreme Court, under subsection (a) shall be prescribed only after giving appropriate public notice and an opportunity for comment." Id. § 2071(b). These rules are generally regarded as the "local rules" of the court, and they govern practice and procedure within that particular district "consistent with Acts of Congress" and federal rules of practice and procedure. See id. § 2071(b) ; Monahan v. N.Y.C. Dep't of Corr. , 214 F.3d 275, 292 (2d Cir. 2000) ("A district court has the discretion to adopt local rules that are necessary to carry out the conduct of its business." (citing 28 U.S.C. § 2071(a) ) ); see Fed. R. Civ. P. 83(a)(1) (authorizing district courts to "adopt and amend rules governing [their] practices" that are "consistent with ... federal statutes and rules"). However, the promulgation of local rules has a uniquely legislative character that is distinct from an Article III court's prescribed authority to interpret the law and resolve cases and controversies.
In its April 11, 2018, Decision and Order, the Court did not exercise its rule-making authority pursuant to 28 U.S.C. § 2071(a). Instead, the Court addressed a relatively novel issue within this Circuit and, as part of its obligation to review the reasonableness of a § 406(b) motion, decided whether Rule 54 or Rule 60 applied in determining the timeliness of the motion. After reviewing the split of authority on this issue, the Court held that motions for attorneys' fees under § 406(b) were governed by the 14-day time period set forth in Rule 54(d). (Dkt. 23).
It is generally recognized that a federal court's authority to adopt local rules is derived from a legislative delegation of rule-making authority. See, e.g., Stern v. U.S. Dist. Court for Dist. of Mass. , 214 F.3d 4, 13 (1st Cir. 2000) ("Congress has vested the lower federal courts with independent authority to prescribe local rules." (citing 28 U.S.C. § 2072(a) ); Zambrano v. City of Tustin , 885 F.2d 1473, 1479 (9th Cir. 1989) ("Congress provided authority to the federal courts to make local rules for the proper administration of judicial business.' "); In re Grand Jury Proceedings , 558 F.Supp. 532, 535-36 (W.D. Va. 1983) ("[T]he rulemaking power of the federal courts is appropriately viewed as 'a legislative delegation.' " (citation omitted) ); compare White v. Raymark Indus., Inc. , 783 F.2d 1175, 1177 (4th Cir. 1986) (stating that § 2071 and Rule 83 of the Federal Rules of Civil Procedure codify the "inherent power of the courts ... to promulgate local rules of procedure"), with Zambrano , 885 F.2d at 1484 n.16 (acknowledging White , but stating that "[m]ost courts ... have viewed section 2071 as an independent attempt by Congress to provide a separate rulemaking privilege"). By contrast, it is the federal judiciary's well-established " 'province and duty ... to say what the law is' in particular cases and controversies" pursuant to Article III of the United States Constitution. Bank Markazi v. Peterson , --- U.S. ----, 136 S.Ct. 1310, 1322, 194 L.Ed.2d 463 (2016) (quoting Marbury v. Madison , 1 Cranch 137, 177, 2 L.Ed. 60 (1803) ). The Court's April 11, 2018, Decision and Order-in resolving which rule of the Federal Rules of Civil Procedure governed the timeliness of a § 406(b) motion, and answering how Rule 54(d) could be reconciled with the requirements of § 406(b) -represents nothing more than an exercise of the Court's judicial authority to "say what the law is." Accordingly, the Court rejects Plaintiff's view that the Court has somehow promulgated a new local rule *694 under the constructs of its congressionally delegated rule-making authority.
V. The Court's Application of Rule 54(d) is Not Inconsistent With the Law in Other Circuits
Plaintiff also argues that the Court failed to consider how the 14-day filing constraint in Rule 54(d) has been applied in the Third, Fifth, and Eleventh Circuits. (Dkt. 25 at 6-8). Plaintiff appears to suggest that the Court's prior ruling is inflexible to varying circumstances that may impede the timely filing of a § 406(b) motion. In support of this position, Plaintiff contends that even courts that apply the Walker approach still retain "broad discretion to expand the filing deadlines." (Id. at 7).
However, the Court's April 11, 2018, Decision and Order did not set forth a contrary rule. The Court noted that the holding in Walker did " 'not alter the authority of the district court to expand th[e] filing deadline at the request of the parties.' " (Dkt. 23 at 16 (quoting Walker , 593 F.3d at 280 (citing Fed. R. Civ. P. 54(d)(2)(B) ) ) ). Nevertheless, there was not, and never has been, a request to expand the Rule 54(d) filing deadline in this case.
In this regard, Plaintiff's reliance upon Rucker v. Comm'r of Soc. Sec. , No. 11-CV-5226 (CCC), 2015 WL 1269505 (D.N.J. Mar. 18, 2015) is misplaced. In that case, the plaintiff raised arguments that questioned whether the Commissioner had actually sent the notice of award to the plaintiff's counsel. Id. at *3. The Commissioner did not refute these contentions, and thus, the court found that the plaintiff had "shown good and sufficient cause as to why the instant motion was filed more than ten (10) months after the date shown on the Notice of Award." Id. (emphasis added). By contrast, Plaintiff failed to make any request for this Court to extend the 14-day time period in the event that the Court found that Rule 54(d) was the applicable federal rule governing the timeliness of her motion. Indeed, Plaintiff has still not provided any reason for why any such extension of time would be appropriate.
Plaintiff argues that the Court "arbitrarily" applied Rule 54(d) in this context. (Dkt. 25 at 5, 8). While Plaintiff may disagree with the Court's April 11, 2018, Decision and Order, there is no merit to the suggestion that the Court reached its conclusion in a capricious manner. Confronted with a split of authority on this issue, the Court was forced to review the competing approaches and analyze their legal and practical consequences. Without the benefit of the Second Circuit's guidance, the Court was required to rely upon out-of-circuit precedent as well as the decisional law of other district courts within this Circuit in determining whether Rule 54(d) or Rule 60 governed Plaintiff's § 406(b) motion.
For her part, Plaintiff was fully aware that the law remains unsettled on this issue, and that the Court could decide that the principles favoring the Walker approach were more persuasive. Despite the fact that the Commissioner raised this issue in her responsive brief, (Dkt. 21 at 3-4), Plaintiff did not request leave to file a reply to assert any of the arguments now raised for the first time on this motion. " '[A] judgment in a civil case does not constitute 'manifest injustice' where the movant's arguments for relief 'were available to the [party] below and [the party] proffer[s] no reason for [its] failure to raise the arguments.' " Corsair Special Situations Fund, L.P. v. Nat'l Res. , 595 F. App'x 40, 44 (2d Cir. 2014) (quoting In re Johns-Manville Corp. , 759 F.3d 206, 219 (2d Cir. 2014) ). Plaintiff has offered no explanation for why she failed *695 to assert any of the arguments she now raises within her original motion papers or as a response to the Commissioner's brief. Plaintiff also fails to cite to any binding authority that would require this Court to accept the McGraw approach over the Walker analysis.
Finally, Plaintiff fails to provide any substantive reasons for the Court to amend its alternative holding that her motion for attorneys' fees was untimely even under the McGraw analysis. Despite citing to a number cases that have found § 406(b) motions to be timely filed beyond the 14-day time constraint of Rule 54(d), Plaintiff has not explained why it was reasonable for her to delay the filing of her motion for over six months after the Commissioner's notice of award was issued and received. Plaintiff cites to only one case where a court in this Circuit granted a § 406(b) motion for attorneys' fees over seven months after the issuance of the notice of award. Nieves v. Colvin , No. 13 Civ. 1439 (WHP) (GWG), 2017 WL 6596613 (S.D.N.Y. Dec. 26, 2017), report and recommendation adopted , No. 13 Civ. 1439, 2018 WL 565720 (S.D.N.Y. Jan. 24, 2018). However, the Nieves Court did not even address the timeliness of the motion in its decision. See id. ; see also Goff v. Berryhill , No. 5:15-CV-01058 (MAD/TWD), 2018 WL 546890, at *1 (N.D.N.Y. Jan. 22, 2018) (granting a § 406(b) motion after just under six months' time had passed since the issuance of the notice of award, but failing to address the timeliness of the motion). Certainly, the cases Plaintiff relies upon are not binding upon this Court, and, in the absence of any substantive analyses addressing the question of timeliness at issue in the instant matter, the Court is unpersuaded that it should grant Plaintiff the extraordinary relief she now requests. In the absence of any reasonable explanation for this delay, the Court declines to exercise its discretion to alter or amend its Judgment, and the Court adheres to its April 11, 2018, Decision and Order. (Dkt. 23).
CONCLUSION
For the foregoing reasons, Plaintiff's motion to alter judgment (Dkt. 24) is denied.
SO ORDERED.