Roy L. **GARLAND**, Plaintiff,

v.

Michael J. **ASTRUE**, Commissioner of Social Security, Defendant.

No. 04 CV 1537(ARR).

United States District Court, E.D. New York.

July 5, 2007.

Charles E. Binder, Binder and Binder, New York City, for Plaintiff.

Som Ramrup, United States Attorneys Office, Brooklyn, NY, for Defendant.

## OPINION AND ORDER

ROSS, District Judge.

Presently before the court is an application by plaintiff's attorney pursuant to 42 U.S.C. § 406(b) for $10,203.50 in attorneys' fees, amounting to 25 percent of the past-due Social Security Disability Insurance ("SSDI") benefits awarded to his client by the Commissioner of Social Security (the "Commissioner"). In this case, the court confronts what appears to be a question of first impression in this circuit, namely the appropriate time limit for filing an attorneys' fee application when past-due SSDI benefits have been awarded by an administrative adjudication subsequent to a federal court remand.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's denial of SSDI benefits. By order dated April 25, 2005, this court reversed the Commissioner's decision and remanded the case for further proceedings. After a new hearing, the Commissioner found plaintiff disabled within the meaning of the Social Security Act and, by Notice of Award dated February 28, 2006, awarded him past-due benefits. On December 8, 2006—nine months after receiving notification of the award of benefits—plaintiff's attorney filed the instant attorneys' fee application. No explanation has been given to the court justifying this lengthy delay. The court concludes that the § 406(b) application is untimely and, accordingly, denies attorneys' fees.

## BACKGROUND

Plaintiff applied for Social Security disability insurance benefits on December 6,

1999, alleging disability since March 19, 1999 due to sleep apnea, high blood pressure, and asthma. On March 20, 2000, while his application was pending, plaintiff retained the law firm of Binder & Binder to represent him and signed a retainer agreement providing for a contingency fee of 25 percent of back benefits awarded. (*See* Binder Affirm. 2.) Plaintiff's application was initially denied and denied again after a hearing before an Administrative Law Judge ("ALJ") at which plaintiff was represented by counsel. (*See id.* 3.) Plaintiff's attorney submitted comments and additional evidence to the Appellate Council, which denied the request for review. (*See id.*) Charles Binder represented plaintiff in his appeal to this court, which reversed the Commissioner's decision and remanded the case for further proceedings.

An attorney from Mr. Binder's firm also represented plaintiff in his second hearing before an Administrative Law Judge ("ALJ") held on November 25, 2005. (*Id.* 5.) Plaintiff amended his alleged onset date from March 19, 1999 to May 1, 2001 at the hearing, and, in a decision dated January 6, 2006, the ALJ found plaintiff disabled within the meaning of the Social Security Act as of that date. (*Id.*) By Notice of Award dated February 28, 2006, the Commissioner awarded plaintiff disability benefits beginning October 2001 and withheld $10,203.50, amounting to 25 percent of the past-due benefits awarded, pending a decision on any application for fees by plaintiff's attorney. (*See id.* at Ex. A.) The Commissioner sent a copy of the notice to

Mr. Binder by letter dated February 28, 2006. (*See id.*)

Mr. Binder filed the instant application for fees on December 8, 2006 seeking $10,203.50 in attorneys' fees for 50.75 hours expended litigating plaintiff's case before this court. (*See id.* at Ex. C.) Attached to the fee application was a letter from plaintiff consenting to this award. (*See id.* at Ex. B.) The Commissioner filed a letter recommending that the fee award be reduced for counsel's failure to timely apply for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1]

## DISCUSSION

■ The Social Security Act provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). As an initial matter, the court notes that the statutory language "by reason of such judgment" could be interpreted to preclude a court from awarding attorneys' fees in cases like this one, in which the judgment at issue was entered pursuant to the fourth sentence of 42 U.S.C. 405(g).[2] The argument

---

1. Following the court's April 25, 2005 decision, plaintiff's attorney sought EAJA fees in the amount of $7,840.88 for the above-mentioned hours spent working on this case in federal court. By order dated January 19, 2006, this court denied the EAJA fee application as untimely, because it was not filed within thirty days of final judgment as required by § 2412(d)(1)(B).

2. Pursuant to sentence four of 405(g), a court has the power to enter, *inter alia*, "a judgment . . . reversing the decision of the Commissioner of Social Security . . . [and] remanding the cause for a rehearing." 42 U.S.C. § 405(g). Courts may also remand cases to the Commissioner pursuant to sentence six of 405(g) "in light of additional evidence without making any substantive rul-

has been made that, even if the remand ultimately results in an award of past-due benefits, the court's judgment did not entitle the claimant to benefits but only to a new hearing. While this question has not been conclusively resolved in this circuit, the consensus among courts that have considered this issue appears to be that attorneys' fees are available under § 406(b) when a claimant successfully obtains an administrative finding of entitlement to benefits after a remand for further proceedings.[3] *See, e.g., Rose v. Barnhart,* No. 01 Civ. 1645, 2007 WL 549419, at *3, 2007 U.S. Dist. LEXIS 12775, at *11 (S.D.N.Y. Feb. 16, 2007); *McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir.2006); *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir.2006); *Conner v. Gardner,* 381 F.2d 497, 500 (4th Cir.1967). Accordingly, the court follows the weight of authority and concludes that plaintiff's attorney was entitled to apply for § 406(b) fees following the Commissioner's award of past-due benefits to plaintiff.

## I. Standard Governing Time Limitations on § 406(b) Fee Applications

■ The appropriate procedure and time limitations for submitting § 406(b) applications in cases like this one are likewise unresolved. Section 406(b) does not contain a time limitation for filing fee applications and there is no applicable local rule, so ordinarily Fed.R.Civ.P. 54(d) would govern. *See Pierce v. Barnhart,* 440 F.3d 657, 663–64 (5th Cir.2006). Rule 54(d) provides that motions for attorneys' fees "must be filed no later than 14 days after entry of judgment." Fed.R.Civ.P. 54(d)(2)(B). However, Rule 54(d) is difficult to apply in the context of a sentence-four remand for further proceedings. A sentence-four judgment is a final judgment that divests the court of jurisdiction. *See Shalala v. Schaefer,* 509 U.S. 292, 299–302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Therefore, strictly enforcing Rule 54(d) would mean requiring fee applications to

ing as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier." *Melkonyan v. Sullivan,* 501 U.S. 89, 100, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). While this court's April 25, 2005 opinion did not explicitly state that the remand was pursuant to sentence four, the opinion reversed the Commissioner's decision and remanded due to legal error on the part of the Appeals Council, which is consistent with a sentence four remand. *See id.* at 98, 111 S.Ct. 2157. Further, the court indicated no intent to retain jurisdiction over this case or to require the parties to return to the court following additional administrative proceedings, as would be required for a sentence six remand. *See id.* at 98–99, 111 S.Ct. 2157.

**3.** The court agrees with the determination by the Honorable Ronald L. Ellis, United States Magistrate Judge, that *Wells v. Bowen,* 855 F.2d 37 (2d Cir.1988), is probative but not dispositive of the issue of the availability of 406(b) attorneys' fees when past-due benefits are awarded based on an administrative deci-

sion after a remand by the court. *See Rose,* 2007 WL 549419, at *2–3, 2007 U.S. Dist. LEXIS 12775, at *8–9. In *Wells,* the Second Circuit examined four consolidated cases in which a plaintiff's attorney had sought fees under both the EAJA and 406(b) upon winning benefits administratively after a district court remand. The Second Circuit decided that, in appropriate cases, district courts must entertain dual fee applications under both statutes and offered guidance on the calculation of fees under each provision. *See Wells,* 855 F.2d at 42–45. Magistrate Judge Ellis found, and this court agrees, that *Wells* does not control the question of the availability of 406(b) fees when a case is remanded for further proceedings because (1) the Second Circuit's opinion was directed at the interplay of the two statutes rather than the availability of 406(b) fees, and (2) *Wells* preceded the Supreme Court's holding in *Schaefer,* 509 U.S. at 301–02, 113 S.Ct. 2625, that sentence-four remands constitute a final judgment. *See Rose v. Barnhart,* No. 01 Civ. 1645, 2001 WL 34667195, at *2–3, 2007 U.S. Dist. LEXIS 12775, at *8–9 (S.D.N.Y. Feb. 16, 2007).

be filed within 14 days of entry of the district court judgment. Such an interpretation of the rule would be unworkable in this context, because the further administrative proceedings required by the court's remand will ordinarily take longer to determine whether the plaintiff will ultimately obtain past-due benefits from which attorneys' fees may be derived.

Approaches by other circuits suggest two potentially viable options to resolving this conundrum. The Eleventh Circuit held that Rule 54(d) applies to sentence-four remands for further proceedings but explicitly left open the question of when the 14–day period for filing the fee application begins to run. *See Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1277–78 (11th Cir.2006). Given that the Rule 54(d) clock begins to run upon the "entry of judgment," starting the clock on any day other than the district court judgment may unduly strain the plain language of the rule. However, it may be possible for the time to be equitably tolled while awaiting the Commissioner's decision on the administrative proceedings. Taking another tack, the Tenth Circuit has suggested that a more appropriate mechanism is Fed. R.Civ.P. 60(b)(6), the catch-all provision for relief from final judgments when the interests of justice will be served. *See McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir.2006). While recognizing that Rule 60(b)(6) relief is "extraordinary and reserved for exceptional circumstances," the Tenth Circuit found that substantial justice would be served by its application in the context at issue. *See id.* Rule 60(b)(6) motions must be made "within a reasonable time." Fed.R.Civ.P. 60(b).

Accordingly, the Tenth Circuit requires that 406(b) applications be filed "within a reasonable time of the Commissioner's decision awarding benefits."[4] *McGraw,* 450 F.3d at 505.

Under either approach, the most logical event for calculating the moment from which the court should begin calculating the time for submitting a 406(b) application after an administrative award of benefits is the issuance of the Notice of Award ("NOA"). In the NOA, the Commissioner calculates the past-due benefits to which the claimant is entitled and the corresponding 25 percent of past-due benefits to be withheld pending the approval of any attorneys' fees sought. Under the Rule 54(d) approach, the 14–day clock would be tolled until the Commissioner issues the NOA. Under the Rule 60(b)(6) method, an attorney would be required to file the 406(b) application within a reasonable time after the issuance of the NOA.

■ This court does not need to resolve the question of which provision of the Federal Rules of Civil Procedure to apply to the instant application because, even assuming, *arguendo,* that the court applies the somewhat more liberal Rule 60(b)(6) approach, Mr. Binder's application is untimely. "To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), we look at the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" *Grace v. Bank Leumi Trust Co.,* 443 F.3d 180, 190 (2d Cir.2006) (*quoting Kotlicky v. United States Fidelity & Guar. Co.,* 817 F.2d 6, 9 (2d Cir.1987)). For the reasons given below, the court finds that Mr. Binder's de-

4. In *McGraw,* the Notice of Award was dated December 16, 2002 and counsel's 406(b) application was filed on February 19, 2004. 450 F.3d at 496. The Tenth Circuit did not rule on the question of whether the fee application was timely but left the disposition of that question to the district court on remand. *See id.* at 505. As of the date of this opinion, the district court to which *McGraw* was remanded has yet to issue its decision. *See McGraw v. Barnhart,* No. 02 Civ. 00055(SAJ) (N.D.Okla.).

lay in filing his 406(b) application was unreasonable.

## II. Reasonableness of the Time Period in which the Instant Application was Filed

In determining whether nine months is a reasonable time period for submitting a 406(b) application, the court examines the applicable time limits for similar applications. As noted above, fee applications pursuant to Rule 54(d) must be submitted within 14 days of the entry of final judgment. In the social security context, EAJA requires that fee applications be filed within 30 days after the expiration of the time for appeal a judgment, or a total of 90 days after entry of judgment. *See* 28 U.S.C. 2412(d)(1)(B); *Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The federal regulations governing the submission of applications to the Commissioner for an award of attorneys' fees for time expended in administrative proceedings state that an application must be filed "within 60 days of the date the notice of the favorable determination is mailed." 20 C.F.R. 404.1730. Here, 283 days passed between the issuance of the NOA and the filing of the instant application for fees. In light of this vast difference between the timeframe in which this application was filed and the time limits governing similar applications, the court concludes that Mr. Binder's delay was unreasonable unless justified by a compelling reason.

Mr. Binder has not provided any explanation for the delay and the court finds none. The papers submitted to the court appear to be primarily boilerplate in nature and the number of hours expended in federal court litigation was already calculated as part of Mr. Binder's earlier EAJA application. Moreover, there is no claim that Mr. Binder did not timely receive the NOA. As Mr. Binder explains in his affirmation, under certain circumstances an attorney may not receive notification of the award of benefits, such as when different attorneys handle the proceedings before the Commissioner and the district court appeal. (*See* Binder Affirm. 8.) However, here, Mr. Binder represented plaintiff in both sets of proceedings and the Commissioner directed a copy of the NOA to Mr. Binder. In his affirmation, Mr. Binder acknowledges receipt of the NOA. (*See id.* 12.)

Such a significant delay might be reasonably justified if the attorney initially sought fees from the Commissioner for his work at the administrative level pursuant to 42 U.S.C. 406(a) prior to seeking an award from federal court. From this court's perspective, it appears preferable for an attorney to first approach the institution in which he ultimately prevailed and only apply to the other institution if the fees initially awarded were below the 25 percent cap and the attorney was dissatisfied. According to Mr. Binder, that used to be the local practice in this circuit. (*See id.* 7.) However, there is no indication that Mr. Binder first sought fees from the Commissioner prior to filing his 406(b) application.

If the attorney was reasonably operating under the assumption that a different time limit applied, noncompliance with this standard may also be justified. As the court acknowledges, this circuit has yet to settle on a particular time limit for applications of this type. However, Mr. Binder was clearly on notice of the recent case law in other circuits regarding the appropriate time-frame for filing 406(b) applications. In his fee application, Mr. Binder cites to the Eleventh Circuit decision in *Bergen* and the Tenth Circuit decision in *McGraw* and summarizes their holdings as requiring that "the attorney must request 406(b)

payment within a reasonable period after receiving the NOA." (Binder Affirm. 9.) He then goes on to state, "[f]or these reasons, counsel is making the 406(b) application now having received the NOA."[5] (*See id.*) Given that Mr. Binder was both aware of and represented that he was complying with the reasonableness standard being applied by the court, it follows that counsel may reasonably be held accountable for his deviation from that standard.

In deciding whether the instant application is timely, the court also considers the effect of the delay on plaintiff. Given that the Commissioner withheld 25 percent of plaintiff's benefits pending the disposition of any attorneys' fee application, the delay by plaintiff's attorney in seeking an award of fees has direct relevance to plaintiff. Plaintiff will receive any sum remaining after the fee award is deducted, so he has an economic stake in the outcome of this proceeding. Thus, after years of litigation leading up to plaintiff's ultimate award of benefits, Mr. Binder's delay in filing his fee application further postponed plaintiff's receipt of the full award of past-due benefits to which he is entitled.

That plaintiff consented to the instant award is not sufficient to persuade the court to overlook Mr. Binder's failure to promptly file his 406(b) application. The need for careful scrutiny by the court of 406(b) applications was articulately explained by the Honorable H. Lee Sarokin, who, as a United States District Judge, observed:

> [T]he interests of the attorney and his or her client are inherently in conflict in Social Security cases. Of course, such conflict peaks at the point at which the attorney requests a fee to be deducted,

dollar-for-dollar, from the award of back benefits to which the claimant is entitled. Moreover, having entered into a contingent fee arrangement for services culminating in a result in his or her favor, a claimant is unlikely to challenge the attorney's fee requested, as long as it is in accord with such agreement. *Taylor v. Heckler,* 608 F.Supp. 1255, 1258 (D.N.J.1985) (internal citations and quotations omitted). Additionally, there is no reason to expect an individual unschooled in the law to recognize that it was his attorney who was responsible for unduly delaying the fee application.

Moreover, the Commissioner's failure to object to the award as untimely does not bind the court to rule accordingly. Courts in other circuits have determined that it is not necessary to examine whether a particular fee application was submitted within a reasonable time-frame when the Commissioner did not object to the award on that basis. *See, e.g., Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1277–78 (11th Cir.2006); *Shepherd v. Apfel,* 981 F.Supp. 1188, 1190 (S.D.Iowa 1997). However, while the Commissioner may make fee recommendations, the task of determining whether a given fee is reasonable falls to courts. *See Wells v. Sullivan,* 907 F.2d 367, 372 (2d Cir.1990). Courts have been entrusted with this responsibility in recognition of the need for the exercise of independent judgment in the award of fee applications. It is likewise appropriate for courts to be able to exercise their judicial discretion to deny fee applications as untimely even if the Commissioner fails to object on that ground.

In this decision, the court attempts to strike an appropriate balance between the

---

5. By this statement, Mr. Binder apparently means that he is relying on these decisions to justify his deviation from the local practice in cases of this kind by submitting a fee application first to this court rather than awaiting a decision by the Commissioner on fees for work at the administrative level. (*See* Binder Affirm. 9.)

interests of Mr. Binder and those of his client. Clearly, social security plaintiff's attorneys make a vital contribution to advancing the interests of a vulnerable group by assisting their clients to effectively advocate their entitlement to benefits. By passing 406(b), Congress intended to promote the access of social security claimants to competent representation by making it easier for attorneys to collect fees. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 805–06, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). However, Congress in so doing also sought to protect claimants from excessive fees. *See id.* Requiring attorneys to file under 406(b) in a reasonably timely fashion serves these interests by providing a flexible mechanism to enable attorneys to file fee applications while seeking to ensure that money rightfully due the plaintiff is not needlessly withheld for an excessive amount of time. Under the circumstances of the case before the court, Mr. Binder simply waited too long to file his application and must therefore forfeit his entitlement to a fee.[6]

## CONCLUSION

The court denies in its entirety the application by plaintiff's attorney for attorneys' fees pursuant to 42 U.S.C. § 406(b).

SO ORDERED.

---

**6.** Due to the court's finding that the fee application was untimely filed, there is no need to reach the question of the impact that Mr. Binder's failure to timely file his EAJA application should have on the court's calculation of his 406(b) application. Without deciding this question, the court observes that it would have been entitled to take into account plaintiff's attorney's failure to timely file what would have been a colorable EAJA application in determining the reasonableness of his 406(b) request. *See Losco v. Bowen,* 638

F.Supp. 1262, 1268 (S.D.N.Y.1986) ("Having foregone an opportunity to seek fees from the Secretary under the EAJA, counsel will not be permitted to obtain a bonus for that shortcoming in the form of a premium fee deducted from his client's past-due benefits."); *see also Iliceto v. Sec'y of Health & Human Servs.,* No. 83 Civ. 2160, 1990 WL 186254, at *2 (E.D.N.Y. Nov. 14, 1990) (reducing 406(b) award by "the amount of EAJA fees which would have been awarded" under the standard EAJA hourly rate).