**Stephen M. YACKEL, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**5:06–CV–626 (DNH/VEB)**

United States District Court, N.D. New York.

Signed 04/18/2016

Iaconis Law Firm, 501 Genesee Street, OF COUNSEL: CHRISTOPHER D. THORPE, ESQ., KEITH R. WOLFE, ESQ., Chittenango, NY 13037, Attorneys for Plaintiff.

Office of General Counsel, Social Security Administration, Region II, 26 Federal Plaza, Room 3904, OF COUNSEL: MARIA FRAGASSI SANTANGELO, ESQ., New York, NY 10278, Attorneys for Defendant.

### *MEMORANDUM-DECISION and ORDER*

DAVID N. HURD, United States District Judge

### I. *INTRODUCTION*

Plaintiff's counsel, Attorneys Keith R. Wolfe ("Attorney Wolfe") and Paul F. Iaconis ("Attorney Iaconis"), have applied pursuant to 42 U.S.C. § 406(b), for $20,000 in attorney's fees from the full 25% of the past-due Social Security Disability Insurance ("SSDI") benefits awarded by the Commissioner of Social Security (the "Commissioner"). Defendant Commissioner argues that Attorney Wolfe's application for attorney's fees should be denied as untimely.

### II. *BACKGROUND*

Plaintiff applied for SSDI benefits on October 1, 2002. On February 12, 2003, plaintiff's claim was administratively denied. On March 11, 2003, plaintiff retained Attorney Paul F. Iaconis ("Attorney Iaconis") of the office of Iaconis, Iaconis & Baum. Attorney Iaconis filed a Request for a Hearing before an Administrative Law Judge ("ALJ") on March 11, 2003. He appeared before the ALJ at a hearing on May 12, 2004. The ALJ's denied the claim on November 12, 2004. Attorney Iaconis timely appealed the ALJ's decision to the Appeals Council on January 5, 2005. On March 23, 2006, the Appeals Council denied the Request for Review.

At the time of the denial by the Appeals Council, Attorney Wolfe was an associate at Iaconis, Iaconis & Baum. Attorney Wolfe often appeared as lead counsel for Social Security cases—such as the instant case—that were appealed to a Federal District Court. Accordingly, on May 17, 2006, Attorney Iaconis asked Attorney Wolfe to join plaintiff's case as lead attorney in order to seek judicial review of the ALJ's determination.

On June 1, 2006, plaintiff signed a fee agreement [1] with Attorney Wolfe, indicating, inter alia, that plaintiff would pay the rate of $120 per hour for services of his attorney and the firm, which would be submitted to the Social Security Administration ("SSA") upon a favorable disposition. An EAJA fee would be separately requested and deducted from the anticipated contingent attorneys' fee of 25% of past-due benefits awarded as a result of plaintiff's claim.

Attorney Wolfe then collaborated with Attorney Iaconis to draft the federal complaint, which was filed with accompanying documents on May 26, 2006. In his "Ad-

1. The "Written Fee Agreement" can be found at ECF No. 17–1, page 7.

dendum to Affirmation to Obtain Approval of a Fee," [2] Attorney Wolfe avers that he spent 7.85 hours on the instant case.[3] Attorney Iaconis likewise submitted an Addendum in which he avers that he spent 59.05 hours representing plaintiff in federal court. Thus, counsel spent 66.90 hours representing plaintiff before the federal district court.

A judgment was entered on May 7, 2009, remanding the matter to the Commissioner for further proceedings. An EAJA fee request was not filed because Attorney Wolfe had left the firm prior to the judgment. Attorney Wolfe had referred the case back to Attorney Iaconis to undertake the remand proceedings.

On March 29, 2011, an ALJ issued a decision fully favorable to plaintiff and a Notice of Award for a period of disability commencing March 20, 2000. Attorney Wolfe avers that, although he was the attorney of record in the District Court, he did not receive the Notice of Award. Attorney Iaconis was informed that plaintiff was awarded $132,000 in past-due benefits, of which $45,000 was withheld by the SSA for attorneys' fees.

Attorney Iaconis filed for a petition for Attorney Fees on October 23, 2012, and averred that he spoke with Attorney Wolfe regarding the petition. Thereafter, Attorney Iaconis was awarded fees on September ber 25, 2013 in the amount of $16,686.85. This amount was only for Attorney Iaconis's work before the SSA and excluded any work before the District Court. Counsel was notified on May 25, 2014 that the SSA was withholding an additional $5,000 toward the fee to be approved by the District Court.[4]

No EAJA fee request was ever made in relation to the above captioned case. Attorney Wolfe contends that the existing Fee Agreement dictated that any EAJA fee request would be deducted from the full 25% of the past-due benefit award. Thus, he contends that he is entitled to "a reduction of at least $8000 from the full 25% past-due benefit amount, to accommodate a fee request that could have been made or awarded pursuant to EAJA."

Together, counselors now request $20,000 in attorneys' fees for their representation of plaintiff before this Court. They requested that a portion of that award come from the $5,000 withheld by the Administration and $15,000 be paid directly by plaintiff.

## III. *LEGAL STANDARDS*

The Social Security Act ("SSA") provides that:

> Whenever a court renders a judgment favorable to a claimant under this title

---

**2.** The "Addendum" can be found at ECF No. 17–1, page 9.

**3.** However, 3.0 of these hours were conducted in error by Attorney Wolfe, who mistakenly drove to the courthouse and attempted to file the complaint in person. Attorney Wolfe noted in the Addendum that he was instructed by the Clerk to file electronically on the CM/ECF. As an attorney in good standing with the Northern District, it is presumed that he was familiar with our Local Rules and General Standing Orders. Specifically, that "[a]ll civil actions commenced by members of the Bar must be filed electronically in the CM/ECF." General Order # 22, *Administrative Proce-*

*dures for Electronic Filing*, ¶ 4.2 (Oct. 21, 2015). Thus, Attorney Wolfe's hours more accurately amount to 4.85 hours.

**4.** Both parties agree that this was a result of a clerical error. Attorney Iaconis's sent the wrong petition to the Administration. Thus, of the $44,196.73 withheld from plaintiff's past-due benefits to pay for attorneys' fees, $16,686.85 was awarded to Attorney Iaconis and only $5,000 was withheld for attorneys' fees to be awarded by this Court. Iaconis Aff., Exh. 7. The remaining $22,506.88 was released to plaintiff. Moreover, the withheld funds, including the $5,000, were only to be paid to Attorney Iaconis. Iaconis Aff., Exh. 8.

who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner....

42 U.S.C. § 406(b)(1)(A). The attorneys' fees request must be reasonable. *See Wells v. Bowen*, 855 F.2d 37 (2d Cir.1988). But the SSA fee structure does not provide a time limitation for filing fee applications and there is no applicable local rule. However, at least one court in the Second Circuit has addressed the issue of timeliness in filing a § 406(b) fee application. *See Garland v. Astrue*, 492 F.Supp.2d 216 (E.D.N.Y.2007).

In *Garland v. Astrue*, the Eastern District, sua sponte, examined the timeliness of an application for attorneys' fees made pursuant to § 406(b). The court held that an unexplained nine month delay in filing an application for attorneys' fees was untimely and denied counsel's application accordingly. *Id.* at 217. While the court did not identify a time frame in which the application must be submitted, it examined the facets of the issue at length. *See id.* First, counsel's failure to "first [seek] fees from the Commissioner prior to filing his § 406(b) application" supported a finding of undue delay. *Id.* at 221. Moreover, the court considered the effect counsel's delay had on plaintiff. *Id.* at 222. Specifically, "after years of litigation leading up to plaintiff's ultimate award of benefits, [counsel's] delay in filing his fee application further postponed plaintiff's receipt of the full award of past-due benefits to which he was entitled." *Id.* Finally, it was unpersuasive that plaintiff consented to the award of attorneys' fees, because "there [was] no reason to expect an individual unschooled in the law to recognize that it was his attorney who was responsi-

ble for unduly delaying the fee application." *Id.*

Ultimately, there is no set time limit for filing an application for § 406(b), but the court must consider the reasonableness of the time period in which the application was filed in light of the foregoing considerations. *See Garland*, 492 F.Supp.2d at 221–22.

## IV. *DISCUSSION*

Plaintiff argues that the court's inquiry must be limited solely to the reasonableness of the amount requested in the fee application. *See Wells v. Bowen*, 855 F.2d 37 (2d Cir.1988). However, the issue of timeliness in relation to § 406(b) attorneys' fees, raised sua sponte in *Garland v. Astrue*, 492 F.Supp.2d 216, proves persuasive.

First, Attorney Wolfe did not file for EAJA fees at the close of the federal proceedings, following remand on May 7, 2009. The ALJ issued a fully favorable decision awarding plaintiff SSDI benefits on March 29, 2011. Over a year later, Attorney Iaconis filed for a petition for Attorney Fees with the Administration on October 23, 2012. According to the evidence submitted by Attorney Wolfe in support of his request for attorneys' fees, he was made aware of the Notice of Award and first petition for fees during this time period. Attorney Iaconis was awarded fees on September 25, 2013 in the amount of $16,686.85. Counsel was notified on May 25, 2014 that the SSA was withholding an additional $5,000 toward the fee to be approved by the District Court. Yet counsel did not request attorneys' fees until filing this motion, for $20,000, on September 17, 2015.

At best, counsel waited nearly two years before filing this request for attorneys' fees. At worst, counsel waited six years

from the time services were concluded in the district court proceeding.

The attorneys have been apprised of the status of this case throughout the proceedings, including the appeal to the federal court and subsequent remand. There is no excuse for years delay in submitting this request. More than a year prior to filing this application for attorneys' fees, counsel was made aware that $5,000 was being withheld and could be distributed by the federal court. Still no application for attorneys' fees was made. Aside from the administrative mistake conceded by counsel, there is no justifiable explanation for this untimely delay. Where nine months has been deemed an untimely delay in requesting attorneys' fees pursuant to § 406(b), the unjustified delay in the instant case far exceeds that. *See Garland,* 492 F.Supp.2d at 217.

Moreover, plaintiff, who was last represented by counsel before this federal court in 2009—six years ago—should not be further penalized and deprived of his past-due benefits in order to pay his attorneys who failed to avail themselves of the attorneys' fee application process in a timely manner. *Garland,* 492 F.Supp.2d at 222.

Thus, an award of attorneys' fees is not warranted in this case.

## V. *CONCLUSION*

For the foregoing reasons, plaintiff's motion for attorneys' fees is untimely.

Therefore

ORDERED that

1. Plaintiff's motion for additional attorneys' fees is **DENIED**;[5] and

2. The $5,000 in past-due benefits being withheld from plaintiff for attorneys' fees is to be released to plaintiff upon entry of this judgment.

The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

5. It is noted that attorneys' fees were previously awarded to Attorney Iaconis on September 25, 2013 in the amount of $16,686.85 by the SSA. The decision herein pertains to the additional $20,000 sought by Attorney Iaconis, together with Attorney Wolfe, for work completed solely before the federal court. While Attorney Iaconis submits that he spent 59.05 hours representing plaintiff in the federal matter, it was Attorney Wolfe who was "lead attorney" on the case and was admitted to the Bar. However, as reflected in n. 3, Attorney Wolfe only conducted 4.85 hours of work on this case. In light of the delay making this motion, Attorney Wolfe's nominal contribution to the case and Attorney Iaconis prior award of attorneys' fees, there is no reason to award additional attorneys' fees.