ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
Howard D. Olinsky, attorney for Plaintiff Lakisha Janey Sinkler ("Plaintiff"), moves for attorney's fees in the amount of $16,851.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 19). The Commissioner of Social Security ("the Commissioner") does not object to the request. (Dkt. 21). However, for the reasons discussed below, the Court finds that counsel's request is untimely and denies the motion.
BACKGROUND
On August 8, 2014, Plaintiff filed this action, seeking review of the final decision of the Commissioner denying her application for Supplemental Security Income Benefits. (Dkt. 1). On January 30, 2015, Plaintiff moved for judgment on the pleadings. (Dkt. 8). By Stipulation and Order filed on May 15, 2015, the decision of the Commissioner was reversed and the case was remanded for further administrative proceedings. (Dkt. 12). On July 9, 2015, Plaintiff filed her first motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Dkt. 16). By Stipulation and Order filed on July 23, 2015, the parties agreed that Plaintiffs attorney was entitled to $6,500.00 for services performed and $15.39 for costs incurred in connection with this action, pursuant to the EAJA. (Dkt. 18).
On remand, the Administrative Law Judge ("ALJ") issued a decision in favor of Plaintiff, dated November 7, 2016, finding her eligible to receive Supplemental Security Income payments under the Social Security Act. (Dkt. 19-2). Following that decision, on December 28, 2016, the Commissioner determined that Plaintiff was entitled to past due benefits in the amount of $67,404.00. (See Dkt. 19-4 at 3).
On July 6, 2017, Plaintiff's counsel moved for attorney's fees pursuant to 42 U.S.C. § 406(b). (Dkt. 19). Counsel seeks $16,851.00, which represents the statutory cap of 25% of the past-due benefits granted in the Commissioner's award notice. (See Dkt. 19-1 at ¶ 6; Dkt. 19-4 at 2). Counsel states that, if he receives the requested fee, he will refund to Plaintiff the EAJA fee of $6,500.00. (Dkt. 19-1 at ¶ 7). The Commissioner filed a response, stating that she has no objection to Plaintiff's counsel's fee request, that the de facto hourly rate of $509.09 does not appear to be a windfall to Plaintiff's counsel, and that *451 there is no evidence of fraud or overreaching. (Dkt. 21 at 3-4). Nonetheless, the Commissioner noted that while Plaintiff's counsel received the Commissioner's notice of award on or about December 28, 2016,[2] Plaintiff's counsel did not file the present motion for attorney's fees until July 6, 2017-over six months later. (See id. at 3-4). While declining to take any position on the timeliness of the motion, the Commissioner provided a brief outline of the unsettled state of the law on this issue. (Id. ). Although the Commissioner did not expressly object to the motion on timeliness grounds, the implication of the Commissioner's discussion raises this issue for consideration.
DISCUSSION
I. General Principles
Section 406(b) provides, in relevant part, as follows:
Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....
42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25% of the total past due benefits. Section 406(b)"calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart , 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Id. (citing § 406(b) ). "Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id.
Accordingly, a fee is not automatically recoverable simply because it is equal to or less than twenty-five percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." Id. at 807 n. 17, 122 S.Ct. 1817.[3] Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." Wells v. Sullivan , 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney was responsible for any delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." Gisbrecht , 535 U.S. at 808, 122 S.Ct. 1817.
*452 II. Timeliness of a § 406(b) Motion for Attorney's Fees
A. The Appropriate Benchmark for a Timely Motion Remains Unsettled
" Section 406(b) does not contain a time limitation for filing fee applications and there is no applicable local rule, so ordinarily Fed. R. Civ. P. 54(d) would govern." Garland v. Astrue , 492 F.Supp.2d 216, 219 (E.D.N.Y. 2007). "Unless a statute or a court order provides otherwise, the motion [for attorney's fees] must ... be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). "The Third, Fifth, and Eleventh Circuits have held that a fee application under Subsection (b) must be filed in accordance with Fed. R. Civ. P. 54(d)(2)." Allen v. Comm'r of Soc. Sec. , No. 10 Civ. 0068 (LAP) (FM), 2012 WL 1596661, at *4 (S.D.N.Y. Apr. 27, 2012), report and recommendation adopted , No. 10 Civ. 0068 (LAP) (FM), 2013 WL 6331727 (S.D.N.Y. Dec. 5, 2013) ; see Walker v. Astrue , 593 F.3d 274, 280 (3d Cir. 2010) ; Bergen v. Commissioner of Social Sec. , 454 F.3d 1273, 1277 (11th Cir. 2006) ; Pierce v. Barnhart , 440 F.3d 657, 663 (5th Cir. 2006). However, "because an award of past-due benefits is a condition precedent to a Section 406 fee application, any motion filed within Rule 54(d)'s time limit would almost invariably be premature." Geertgens v. Colvin , No. 13 Civ. 5133 (JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016) (citing Walker , 593 F.3d at 278 ).
Under the Rule 54 approach, the Third Circuit applied the doctrine of equitable tolling "to prevent the absurd outcome inherent in applying a deadline that cannot be met." Walker , 593 F.3d at 279. Accordingly, the Third Circuit held that "the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award." Id. at 280. At that point, "[c]ounsel will have fourteen days from notification of the notice of award to file a fee petition in the district court." Id.
"Taking a somewhat different approach, the Tenth Circuit has held that Subsection (b) fee petitions are properly brought pursuant to Rule 60(b)(6)." Allen , 2012 WL 1596661, at *4 (citing McGraw v. Barnhart , 450 F.3d 493, 505 (10th Cir. 2006) ). Under the McGraw analysis, "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." McGraw , 450 F.3d at 505.
Although the Second Circuit has not set forth a preferred approach, several district courts in this Circuit have either acknowledged or suggested their approval of the reasonableness inquiry. See Rose v. Barnhart , No. 01 CIV 1645 (KMW)(RLE), 2007 WL 549419, at *3 n.1 (S.D.N.Y. Feb. 16, 2007) ("[I]t appears, at first blush, that the Tenth Circuit's treatment of the issue in McGraw is procedurally the most valid."); see also Jenis v. Colvin , No. 12-CV-0600( ), 2016 WL 6246423, at *1 n.1 (W.D.N.Y. Oct. 26, 2016) (finding that the motion was filed within a reasonable period of time when it was filed four months after receipt of the notice of award); Geertgens , 2016 WL 1070845, at *2 (declining to determine which approach is more appropriate, but finding that the motion was filed within a reasonable period of time "where neither the Commissioner nor the plaintiff has argued that the Section 406(b) application is belated"). However, these courts have done so with little explanation in support of this conclusion. Several district courts in this Circuit have also declined to expressly determine which Federal Rule should apply to a motion for attorney's fees under § 406(b) where the result would be the same under either analysis. See, e.g., Allen , 2012 WL 1596661, at *4 ; Garland , 492 F.Supp.2d at 220.
*453 The Court views this case as presenting a threshold question of which Federal Rule should apply when reviewing the timeliness of a § 406(b) motion for attorney's fees. If the Court applies Rule 54(d)(2)(B) and the Walker approach, the present motion would certainly be untimely. However, if Rule 60(b)(6) applies, then the Court must consider whether a period of over six months is a reasonable time under the McGraw standard. The Court will address each analysis in turn.
B. Federal Rule 54 is Applicable to Motions for Attorney's Fees Made Pursuant to § 406(b)
Based upon its review of the law, the Court agrees with those jurisdictions that have held that "because § 406(b) does not address the timing of a fee petition, Rule 54(d)(2)(B) should govern the timing of the fee petition." See, e.g., Bentley v. Comm'r of Soc. Sec. , 524 F.Supp.2d 921, 922 (W.D. Mich. 2007). Of the four Circuits that have recently addressed this issue, all but one have determined that the appropriate timeliness inquiry falls within the strictures of Rule 54(d)(2). Compare Walker , 593 F.3d at 280, Bergen , 454 F.3d at 1277, and Pierce , 440 F.3d at 663-64, with McGraw , 450 F.3d at 504-05. In Bergen , the Eleventh Circuit merely held "that Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim," but declined to analyze whether the motions were timely filed "[b]ecause the Commissioner has not objected to the timeliness of the attorney's fee petitions...." Id. Although the Court agrees with Bergen 's application of Rule 54, it does not agree that the timeliness inquiry should be dispensed with simply because the Commissioner has failed to raise an objection on that ground.
"[T]he Commissioner's failure to object to the award as untimely does not bind the court to rule accordingly.... [W]hile the Commissioner may make fee recommendations, the task of determining whether a given fee is reasonable falls to courts." Garland , 492 F.Supp.2d at 222 ; see Wells v. Sullivan , 907 F.2d 367, 371 (2d Cir. 1990) ("[ Section] 406(b) requires the district court to review the reasonableness of any requested fee...."). This judicial responsibility extends to the review of the timeliness of the motion, even absent any objection by the Commissioner. Garland , 492 F.Supp.2d at 222 ("It is likewise appropriate for courts to be able to exercise their judicial discretion to deny fee applications as untimely even if the Commissioner fails to object on that ground."); Bentley , 524 F.Supp.2d at 924 (same); see also Hale v. Comm'r of Soc. Sec. , No. 1:09-CV-318, 2011 WL 5920914, at *3 (W.D. Mich. Oct. 25, 2011) ("It is doubtful that the Sixth Circuit would find such a silent 'waiver' to be appropriate in this context, because the claimant, the only person who has an interest in this matter, has waived nothing."), report and recommendation adopted , No. 1:09-CV-318, 2011 WL 5920769 (W.D. Mich. Nov. 28, 2011) ; Richardson v. Astrue , Civil No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the commissioner or the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed."). As such, whether the Commissioner has objected to the timeliness of the motion or has failed to raise the issue at all, it is the responsibility of the Court to determine whether Plaintiff's counsel has timely filed his application.
In Pierce , the Fifth Circuit held that Rule 54(d)(2)(B) applied to the attorney's § 406(b) motion. See Pierce , 440 F.3d at 663-64. The Fifth Circuit also recognized that the district court acted within its discretion under Rule 54(d) in granting the plaintiff's attorneys "the opportunity to refile their § 406(b) applications at a later date, even if their refilings fell outside of *454 the fourteen-day time period prescribed by Rule 54(d)...." Id. at 664. The court's rationale was grounded in the expressed language of Rule 54, which states that the 14-day time period is applicable "[u]nless otherwise provided by statute or order of the court. " Fed. R. Civ. P. 54(d)(2)(B) (emphasis added); Pierce , 440 F.3d at 664. The Pierce decision supports the proposition that Rule 54(d)(2) applies to § 406(b) motions for attorney's fees. Nonetheless, the Fifth Circuit's opinion does not provide much guidance in rectifying the conflict between the time limitation of Rule 54(d)(2)(B) and the fact that "an award of past-due benefits is a condition precedent to a Section 406 fee application" where no court order exists. See Geertgens , 2016 WL 1070845, at *2.
The Court finds that the Third Circuit's analysis in Walker presents the clearest and fairest method of resolving the timing conflict. After outlining the analyses in Bergen, Pierce , and McGraw , the Third Circuit noted that "[t]he confusion in the courts of appeals undoubtedly stems from the imperfect fit of either approach." Walker , 593 F.3d at 278. The Walker court recognized that a strict application of the 14-day time period set forth in Rule 54(d)(2) could lead to "the absurd outcome inherent in applying a deadline that cannot be met." Id. at 279.
In order to ameliorate this conflict, the Walker court applied the doctrine of equitable tolling to stop the running of the filing deadline "until the notice of award is issued by the Commissioner and counsel is notified of that award." Id. at 280. At that time, "[c]ounsel will have fourteen days from notification of the notice of award to file a fee petition in the district court." Id. Notably, the Third Circuit also recognized that the district court retained its statutorily derived authority "to expand that filing deadline at the request of the parties." Id. (citing Fed. R. Civ. P. 54(d)(2)(B) ). The Third Circuit's analysis is grounded in Rule 54 of the Federal Rules of Civil Procedure, and the Walker court expressly disagreed with the Tenth Circuit's use of Rule 60(b)(6) as an alternative remedy for addressing the timing conflict. See id. at 279. For the ensuing reasons, the Court agrees that McGraw should not be followed.
C. The Court Declines to Follow McGraw
1. McGraw is Not Grounded in Sound Legal Principles
The Tenth Circuit applied Rule 60(b)(6) because it found that a § 406(b) application for attorney's fees "fits awkwardly with Rule 54(d)(2)(B)." McGraw , 450 F.3d at 504. Specifically, the McGraw court determined that because Rule 54(d)(2)(B)'s language requires a motion for attorney's fees to be filed no later than 14 days "after entry of judgment," the court felt "uncomfortable" conferring that language to the issuance of the Commissioner's award notice. Id. (emphasis omitted). Implicit in the Tenth Circuit's rationale is the notion that to apply Rule 54(d)(2)(B) to a § 406(b) motion for attorney's fees would be to improperly construe the Commissioner's award notice as the "judgment" referred to by the Rule. Id. (noting that "[i]t appears that the term 'judgment' refers to the judgment of the district court" (citations omitted) ).
Instead, the Tenth Circuit favored a liberal construction of Rule 60(b)(6). Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons set forth in the subsection, including mistake, newly discovered evidence, fraud, or the voidance or satisfaction of the judgment. Paragraph six of subsection (b) contains a "catch-all" provision *455 that permits relief from a judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). While recognizing that "relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances," the McGraw court emphasized that the application of this Rule was appropriate to achieve "substantial justice." McGraw , 450 F.3d at 505.
The Court disagrees with the Tenth Circuit's use of Rule 60(b)(6) in this context. At the outset, the Court notes that the McGraw court relied upon the Seventh Circuit's decision in Smith v. Bowen , 815 F.2d 1152 (7th Cir. 1987), for the proposition that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." McGraw , 450 F.3d at 505 (citing Smith , 815 F.2d at 1156 ). However, the Smith decision was rendered before the 1993 amendments to Rule 54 added the 14-day time limitation to its provisions. See Fed. R. Civ. P. 54(d)(2)(B) ; Smith , 815 F.2d at 1156 (noting that Rule 54"imposes no time limit apart from an implicit requirement of reasonableness" (quotation marks and citation omitted) ); see also Walker , 593 F.3d at 279 (" McGraw does not acknowledge, however, that Smith based its reasoning on the pre-1993 amendment language of Rule 54, which contained no time limit for filing and which courts interpreted to contain an implicit requirement of reasonableness." (quotation marks and citation omitted) ); Bergen , 454 F.3d at 1278 n.1 (same).
Furthermore, " Rule 60(b)(6) applies to motions seeking relief from judgment. Plaintiff's attorney is not requesting relief from any aspect of this [C]ourt's judgment"; rather, he is simply seeking an award of attorney's fees. Hale , 2011 WL 5920914, at *4. The Walker court also referenced the "substantively interchangeable" mechanism for relief found in Rule 59(e), Walker , 593 F.3d at 279, which the Supreme Court has found to be an improper means for seeking attorney's fees. See White v. N.H. Dep't of Emp't Sec. , 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) ("[A] request for attorney's fees under [the Civil Rights Attorney's Fees Awards Act of 1976] raises legal issues collateral to the main cause of action[,] ... issues to which Rule 59(e) was never intended to apply."). By extension, the Third Circuit also found " Rule 60(b) [as] an inappropriate vehicle for fee petitions ... [because] the fee petition is a 'legal issue[ ] collateral to the main cause of action' and cannot be construed as a request for relief from judgment." Walker , 593 F.3d at 279 (quoting White , 455 U.S. at 451, 102 S.Ct. 1162 ); see also Bentley , 524 F.Supp.2d at 922 ("A § 406(b) motion for attorney's fees cannot be viewed as a motion for relief from judgment without straining the meaning and purpose of a motion for relief from judgment under Rule 60.").[4]
Although the Tenth Circuit found it inappropriate to conflate the "judgment" referred to by Rule 54(d)(2)(B) with the Commissioner's decision to confer the award, the Third Circuit's approach does not do so. Instead, the Walker court's resolution of the timing issue merely requires the application of the doctrine of equitable tolling in order to ensure that a successful attorney is able to satisfy what would otherwise frequently become an unattainable time restriction. See Walker , 593 F.3d at 279 ; see also Garland , 492 F.Supp.2d at 220 (acknowledging that "starting the clock on any day other than the district court judgment may unduly strain the plain language of [ Rule 54(d)(2), but stating *456 that] ... it may be possible for the time to be equitably tolled while awaiting the Commissioner's decision on the administrative proceedings"). In addition, while the McGraw decision supports the application of Rule 60(b)(6) under the notion of achieving "substantial justice," the Tenth Circuit provides little explanation for why this "extraordinary" remedy should be applied with such frequency. See McGraw , 450 F.3d at 505. Indeed, the Second Circuit has admonished that Rule 60(b)(6)"is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Nemaizer v. Baker , 793 F.2d 58, 63 (2d Cir. 1986) (emphasis added) (citations omitted). The Court is not convinced that this is either the type of motion contemplated by Rule 60(b)(6) or one of such an "extraordinary" nature that it warrants the application of what is otherwise a stringent avenue for relief. Accord Hale , 2011 WL 5920914, at *4 (stating that it was unlikely that the Sixth Circuit would apply Rule 60(b)(6) to these circumstances because " Rule 60(b)(6) is limited to cases involving 'unusual and extreme situations where principles of equity mandate relief' " (quoting Stokes v. Williams , 475 F.3d 732, 735 (6th Cir. 2007) ) ).
2. The Application of the Reasonableness Inquiry in This Context Creates Practical Concerns
The McGraw approach also appears to create practical concerns. The "reasonableness" inquiry stands in stark contrast to the usual applicability of the rather straightforward 14-day requirement set forth in Rule 54(d)(2)(B). During its review of the case law, the Court has found that other jurisdictions have come to differing conclusions based upon this amorphous standard and the surrounding circumstances. Some courts appear to routinely find that a delay of several months is "reasonable" despite offering little, if any, explanation in support of this conclusion. See, e.g., Hawthorne v. Colvin , No. CV 13-1030 (WPL), 2016 WL 9819507, at *3 (D.N.M. Oct. 17, 2016) ("I further note that the motion was filed approximately seven months after [the plaintiff] received her Notice of Award, a time frame that I also find to be reasonable."); Quintana v. Colvin , No. CV 13-783 (CG), 2016 WL 9724280, at *2 (D.N.M. Nov. 4, 2016) ("The instant motion was filed within eight months of [the p]laintiff receiving notice that she was entitled to past-due benefits. The Court finds this to be a reasonable amount of time." (citation omitted) ); Zutis v. Colvin , No. C 12-01897 (WHA), 2015 WL 3766811, at *2 (N.D. Cal. June 16, 2015) (finding a seven-month delay reasonable because " Section 406(b) does not specify a time deadline for motions for attorney's fees, ... [the Ninth Circuit] has not addressed this issue of timeliness," and the plaintiff has not faced any "undue burden" as a result). Other courts seem to acknowledge that delays of up to six or seven months' time amount to lengthy periods of inaction, but based upon the attorney-movant's explanation have found that any delay was reasonable. See, e.g., Knight v. Colvin , No. CIV-09-123-FHS-SPS, 2013 WL 2181043, at *1 (E.D. Okla. May 20, 2013) (finding that a motion filed "more than 6 months after the [p]laintiff received a letter indicating she was entitled to benefits" was timely only under "peculiar circumstances" evinced by the plaintiff's counsel's explanation); Johnson v. Astrue , No. 03-1195 (MLB), 2008 WL 2026120, at *3 (D. Kan. May 9, 2008) (finding that a seven-month delay between the Commissioner's fully favorable decision awarding disability insurance benefits to the plaintiff and the plaintiff's counsel's motion was "somewhat long, but counsel justifies the delay").
*457 A reasonableness inquiry, while perhaps affording additional flexibility, does not provide much clarity for attorneys and the courts in determining the timeliness of the application. Compare Tate v. Colvin , No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *3 (S.D. Miss. Feb. 23, 2016) (finding that an eight month delay is not "clearly unreasonable" because "[m]any of the cases in which a § 406(b) motion has been found untimely have involved a delay of more than one year from the issuance of the [Notice of Award] or other circumstances that are not present in this case") with Garland , 492 F.Supp.2d at 221 (assuming the McGraw analysis applies, and finding that a nine-month delay was unreasonable where the attorney did not justify the delay or claim that the notice of award was not timely received). Such uncertainty may also negatively affect the claimants in the underlying social security proceeding. "Unlike fees awarded under the EAJA, fees awarded pursuant to Subsection (b) are deducted from the plaintiff's award of past-due benefits rather than being paid by the Government." Allen , 2012 WL 1596661, at *3. As such, at least some courts applying the reasonableness inquiry have reviewed whether the delay was significant enough to prejudice the plaintiff in the receipt of his full reward, even if the plaintiff consents to his attorney's motion. See, e.g., Garland , 492 F.Supp.2d at 222.
The Court recognizes the important function served by § 406(b) motions for attorney's fees in securing legal representation in social security cases. Id. at 223 ("By passing 406(b), Congress intended to promote the access of social security claimants to competent representation by making it easier for attorneys to collect fees." (citing Gisbrecht , 535 U.S. at 805-06, 122 S.Ct. 1817 ) ). However, Congress "also sought to protect claimants from excessive fees." Id. In the Court's view, the Walker approach not only represents the most legally sound analysis, but it also provides greater clarity for filing deadlines, which will promote the prompt submission of motions by attorneys and precipitate the swift distribution of fees and rewards to attorneys and claimants, respectively. Moreover, the application of Rule 54(d)(2)(B) does not impose an unyielding time limitation. As the Third Circuit noted in Walker , this approach "does not alter the authority of the district court to expand that filing deadline at the request of the parties." Walker , 593 F.3d at 280 (citing Fed. R. Civ. P. 54(d)(2)(B) (providing that the motion must "be filed no later than 14 days after the entry of judgment" "[u]nless a statute or a court order provides otherwise " (emphasis added) ) ); accord Pierce , 440 F.3d at 664.
D. The Commissioner's Role as Trustee for Claimants
One final point is also worth mentioning. The Commissioner has suggested that the timeliness of this motion is at issue in this case, but she has declined to take a position as to which, if any, approach this Court should undertake, or as to what result the Court should ultimately reach. (Dkt. 21 at 4). It appears that the Commissioner does not frequently object to a § 406(b) motion for attorney's fees on timeliness grounds. See, e.g., Bergen , 454 F.3d at 1277-78 ; Geertgens , 2016 WL 1070845, at *3 ; Garland , 492 F.Supp.2d at 222 ; Shepherd v. Apfel , 981 F.Supp. 1188, 1190 (S.D. Iowa 1997). This may be due, in part, to the fact that "the Commissioner has no financial incentive to assert a challenge to the timeliness of a § 406(b) fee petition...." Bentley , 524 F.Supp.2d at 924.
In at least one case, the Commissioner indicated that the timeliness issue will not be raised unless a "significant number of months have passed between the claimant's award of benefits and the attorney's *458 filing of the § 406(b) motion." Rice v. Astrue , 831 F.Supp.2d 971, 983 (N.D. Tex. 2011) (citation omitted). The Commissioner, in that case, explained that this was a policy decision, taken "to encourage attorneys to promptly file for § 406(b) fees so that the balance of withheld past-due benefits may be promptly disbursed to the claimant, rather than being delayed by extended post-award proceedings." Id. (citation omitted). However, it also appears that if the Commissioner does not object on timeliness grounds, some courts have taken that omission as a signal to disregard or minimize the belated-nature of § 406(b) motions that, ultimately, may influence the balance obtained by the claimant. See, e.g., Bergen , 454 F.3d at 1277-78 ("Because the Commissioner has not objected to the timeliness of the attorney s fee petitions, we do not address this issue in this case and merely hold that the petitions were timely."); Geertgens , 2016 WL 1070845, at *3 (declining to determine whether Walker or McGraw sets forth the more appropriate approach, but finding that the motion was filed within a reasonable period of time "where neither the Commissioner nor the plaintiff has argued that the Section 406(b) application is belated"); Shepherd , 981 F.Supp. at 1190 ("Although [the p]laintiff's counsel's application for fees pursuant to 42 U.S.C. § 406 is untimely, the court notes that the government has not raised any objection. Therefore, the Court will issue a ruling.").
Although the Commissioner "has no direct financial stake" in responding to a § 406(b) motion, her role is still significant as "she plays a part in the fee determination resembling that of a trustee for the claimants." Gisbrecht , 535 U.S. at 798 n.6, 122 S.Ct. 1817. In the Court's view, there appears to be some tension between the Commissioner's stance that she need not take a position on the timeliness of a § 406(b) motion for attorney's fees, and the Commissioner's role as a trustee for Plaintiff. While the Court is mindful not to supplant the Commissioner's policy choices in how she decides to most effectively discharge her statutory responsibilities, "[t]his narrow view seems to represent a failure on the part of Commissioner to fully appreciate [her] role resembling that of a trustee for a claimant when a § 406(b) request for attorney's fees has been made by the claimant's attorney." Rice , 831 F.Supp.2d at 983.
The Court holds that Rule 54(d)(2)(B) governs the timing of a § 406(b) motion for attorney's fees, and that in order to prevent the 14-day time limitation from becoming an impenetrable barrier to the recuperation of such fees, the Court adopts the approach set forth in Walker . Accordingly, "the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award. Counsel will have fourteen days from notification of the notice of award to file a fee petition in the district court." Walker , 593 F.3d at 280. In applying these principles to the facts of this case, the Court finds that Plaintiff's counsel's § 406(b) motion for attorney's fees is filed over six months after the receipt of the notice of award, and thus, is untimely.
III. An Alternative Analysis Under McGraw Yields the Same Conclusion
In the alternative, even assuming that McGraw provides the correct legal standard for reviewing the timeliness of Plaintiffs counsel's § 406(b) motion for attorney's fees, the Court would still find Plaintiff's motion untimely. As noted above, cases in several jurisdictions have approached the reasonableness inquiry from different analytical perspectives. Several courts have evinced doubt over the timeliness of a § 406(b) motion, but *459 have still found it acceptable when reviewed in light of the claimant's counsel's explanation. See Knight , 2013 WL 2181043, at *1 ; Johnson , 2008 WL 2026120, at *3. In other words, where counsel adequately justifies a significant delay in seeking § 406(b) attorney's fees, courts have considered the motion reasonably timely under the McGraw test. However, at least one court in this Circuit has stated that a claimant's counsel would have had to justify his nine-month delay with "a compelling reason" in order for the court to consider the motion as timely filed. Garland , 492 F.Supp.2d at 221 (emphasis added).
Here, Plaintiff's counsel filed his § 406(b) motion for attorney's fees over six months after the Commissioner's notice of award was issued and received. (Dkt. 19; Dkt. 19-4). Plaintiff's counsel has failed to provide any explanation justifying this significant delay. See Schmidt v. Colvin , No. 11-2372-SAC, 2014 WL 2207973, at *2 (D. Kan. May 28, 2014) (denying § 406(b) attorney's fees where counsel did not provide any explanation for a nine-month delay); Garland , 492 F.Supp.2d at 221 (considering the fact that the attorney "has not provided any explanation for the [nine-month] delay," and that "there is no claim that [the attorney] did not timely receive the [notice of award]"); cf. Morris v. Comm'r, Soc. Sec. Admin. , No. 1:10-CV-01312-CL, 2014 WL 1347466, at *3 (D. Or. Apr. 3, 2014) (noting "a significant delay of over eight months," but finding the motion timely where "counsel did not receive a copy of the Notice" until 3 days before filing the motion); Ali v. Comm'r, Soc. Sec. Admin. , No. 3:10-CV-01232-CL, 2013 WL 3819867, at *2 (D. Or. July 21, 2013) (noting a "significant delay of over seven months," but finding that counsel "was diligent" where he received a copy of the notice less than two months before filing the motion).
In addition, "a significant delay might be reasonably justified if the attorney initially sought fees from the Commissioner for his work at the administrative level pursuant to 42 U.S.C. 406(a)." Garland , 492 F.Supp.2d at 221. Section 406(a) is "the provision governing fees for agency-level representation." Gisbrecht , 535 U.S. at 805, 122 S.Ct. 1817. This justification is reviewed favorably because it is "preferable for an attorney to first approach the institution in which he ultimately prevailed and only apply to the other institution if the fees initially awarded were below the 25 percent cap and the attorney was dissatisfied." Garland , 492 F.Supp.2d at 221. However, as in Garland , there is no indication that Plaintiff's counsel sought § 406(a) fees before filing this § 406(b) motion.
As the Tenth Circuit stated in McGraw , "decisions on Rule 60(b)(6) motions for § 406(b)(1) fees, like Rule 60(b)(6) motions on other grounds, are committed to the district court's sound discretion." 450 F.3d at 505. Here, the Court does not find that this unjustified six-month delay is reasonable under the circumstances presented. Therefore, the Court concludes that even under the McGraw analysis, Plaintiff's counsel's motion is untimely.
CONCLUSION
For the foregoing reasons, Plaintiff's counsel's § 406(b) motion for attorney's fees is denied.
SO ORDERED.

The copy of the Commissioner's notice of award attached to Plaintiff's counsel's motion is addressed to counsel and is marked as received on January 3, 2017. (Dkt. 19-4 at 2).

The Court may not grant the motion for attorney's fees under 42 U.S.C. § 406(b) merely because the Commissioner does not oppose the motion, as is the case here. (See Dkt. 21). "The Commissioner's failure to oppose this motion, is not dispositive, as Section 406(b) requires an affirmative judicial finding that the fee allowed is reasonable." Mix v. Comm'r of Soc. Sec. , No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).

Of course, "there are instances when attorney fees are awarded as part of the original judgment. In such cases, counsel may appropriately seek to modify them via Rule 60(b)." Walker , 593 F.3d at 280 n.5.